Cleveland GREEN III, Appellant,

v.

Mary Alice KAPOSTA, Appellee.

No. 05–04–00133–CV.

Court of Appeals of Texas,
Dallas.

Jan. 12, 2005.

Cleveland Green, III, Huntsville, pro se.

Mary Alice Kaposta, Irving, pro se.

Before Justices O'NEILL, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Pro se appellant Cleveland Green III appeals the trial court's dismissal of his lawsuit for want of prosecution. In his first six issues, he claims the trial court abused its discretion by: (1) failing to follow proper recusal procedures; (2) denying his motion for continuance; (3) failing to grant his requests for aid in retrieving legal documents, to rule on his motion to subpoena documents, and to respond to letters regarding the documents; (4) dismissing his lawsuit for want of prosecution; (5) refusing to reinstate his case; and (6) failing to act on his motion to vacate a void judgment. In his seventh issue, he claims that he was not afforded

effective assistance of counsel. We affirm the trial court's order.

## BACKGROUND

Green, a prison inmate, filed suit against Mary Alice Kaposta, whom he alleges is his common law wife. He contended that his conviction for aggravated assault with a deadly weapon and subsequent incarceration resulted from her perjured testimony. He requested a divorce and brought claims against her for his property that he claims she sold or destroyed, deprivation of society, lost wages, denial of love, defamation of character, slander, and "placing [his] life in danger everyday that [he has] been incarcerated in this hostile environment." After Green filed a pro se petition and amended petition, the trial court appointed an attorney to represent him.

As the case progressed, the trial court granted Green at least three motions for continuance. On the date Green's case was set for trial, Kaposta failed to appear. Green requested a continuance, but the trial court denied it. According to the court docket, Green was removed from the courtroom when he became belligerent, and the matter was continued in the jail. The trial court dismissed the case for want of prosecution, noting that Green did not want to proceed with a default judgment after Kaposta failed to appear.

## IMPROPER BRIEFING

A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex.App.-Dallas 2004, no pet.). On appeal, as at trial, the pro se appellant must properly present its case. *Id.* at 678. The rules of appellate procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations

to authorities and to the record." Tex. R.App. P. 38.1(h).

At the outset, we note that Green's arguments are largely incomprehensible, that he failed to properly brief any of his issues, and that he provided us an incomplete appellate record. Throughout his brief, he cites to documents found in its appendices, but not included in the appellate record and to hearings that are also not included in the record. But we cannot consider the documents or hearings in our review because they are not part of the record. *See Adams v. Reynolds Tile and Flooring, Inc.*, 120 S.W.3d 417, 423 (Tex. App.-Houston [14th Dist.] 2003, no pet.) (stating that the attachment of documents as appendices to briefs does not constitute formal inclusion in the record on appeal).

Additionally, Green includes no citations to legal authority in issues three, five, and six; and the authority to which he refers in issues two, four, and seven are noncontrolling federal cases and cases that do not relate to the points he attempts to make. An issue on appeal unsupported by argument or citation to legal authority presents nothing for the court to review. *Strange*, 126 S.W.3d at 678.

We have little latitude on appeal and cannot remedy deficiencies in a litigant's brief or supply an adequate record. *Strange*, 126 S.W.3d at 678. We also have no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred. *Id.* Because he failed to provide us with a complete record or to adequately brief his issues on appeal, Green has preserved nothing for our review. *Id.* Nevertheless, we will consider his issues individually to the extent possible.

## MOTION TO RECUSE

In his first issue, Green contends that the trial court abused its discretion by

failing to follow recusal procedures after he filed a motion to recuse. He cites to a motion to recuse in an appendix to his appellate brief. But because neither the motion to recuse nor any proceeding or order relating to it has been included in the appellate record on appeal, Green's first issue is waived. *Ceballos v. El Paso Health Care Sys.*, 881 S.W.2d 439, 445 (Tex.App.-El Paso 1994, pet. denied); *see Perry v. Kroger Stores Store No. 119*, 741 S.W.2d 533, 534 (Tex.App.-Dallas 1987, no pet.).

## MOTION FOR CONTINUANCE

In his second issue, Green apparently contends that the trial court abused its discretion by denying his November 21, 2003 motion for continuance. He claims that he was unable to obtain from the Texas criminal justice system the legal documents he needed to prosecute the case. He admits that the trial court previously granted other motions for continuance to enable him to acquire the documents, but contends that the trial court should have granted an indefinite continuance until he obtained them.

■ The decision whether to grant a motion for continuance rests within the discretion of the trial court. *Crooks v. Moses*, 138 S.W.3d 629, 634 (Tex.App.-Dallas 2004, no pet.). Before the reviewing court will reverse the trial court's ruling, it should clearly appear from the record that the trial court has disregarded the party's rights. *Id.* at 635.

■ The only evidence in the record of a November 21 motion for continuance is a notation in the judge's docket that Green requested and the trial court denied a continuance. The record does not contain a written motion for continuance, an affidavit, or a reporter's record of any type of a hearing on the motion. Therefore, Green has not even shown that he preserved error on this point.[1] *Cronen v. County Storage Lot*, 831 S.W.2d 895, 897 (Tex.App.-Houston [1st Dist.] 1992, no pet.). Even if he had preserved error, we do not have a record of any evidence presented to the trial court supporting a motion for continuance. We must presume that the evidence presented supported the trial court's ruling denying his motion and that the trial court did not abuse its discretion. *Wil–Roye Inv. Co. II v. Wash. Mut. Bank, FA*, 142 S.W.3d 393, 401 (Tex.App.-El Paso 2004, no pet.); *Roob v. Von Beregshasy*, 866 S.W.2d 765, 767 (Tex.App.-Houston [1st Dist.] 1993, writ denied). We overrule Green's second issue.

## REQUESTS, LETTERS, AND MOTIONS TO THE TRIAL COURT

■ In a multifarious and confusing third issue, Green contends the trial court abused its discretion in failing to grant his requests that the court aid in retrieving legal documents, to rule on his motion to subpoena documents, and to respond to his letter informing the court that he needed his legal documents to proceed with a trial.[2] But the documents to which he refers

1. When a party moves for continuance, civil procedure Rule 251 requires the party to show sufficient cause supported by affidavit, consent of the parties, or operation of law as support of its motion. TEX.R. CIV. P. 251; *Taherzadeh v. Ghaleh–Assadi*, 108 S.W.3d 927, 928 (Tex.App.-Dallas 2003, pet. denied). A party who does not comply with Rule 251 fails to preserve a complaint for appellate review. *Taherzadeh*, 108 S.W.3d at 928.

2. A point of error addressing more than one specific ground of error is multifarious. *Shull v. United Parcel Service*, 4 S.W.3d 46, 51 (Tex.App.-San Antonio 1999), *pet. denied*, 531 U.S. 835, 121 S.Ct. 94, 148 L.Ed.2d 53 (2000). If a court concludes that a point of

are included in appendices to his brief and not in the appellate record. As a result, we cannot consider the documents and therefore cannot decide this issue. *See Adams*, 120 S.W.3d at 423. We overrule Green's third issue.

## DISMISSAL FOR WANT OF PROSECUTION

In his fourth issue, Green contends that the trial court abused its discretion when it dismissed his suit for want of prosecution because it knew he was without the legal documents needed to proceed at trial. He provides little argument on this point, and incorporates his arguments from his second and third issues.

■■■ The power of a trial court to dismiss for want of prosecution is not unbridled as it rests in the exercise of sound judicial discretion, subject to review. *Lopez v. Harding*, 68 S.W.3d 78 (Tex.App.-Dallas 2001, no pet.). On appeal, the trial court's judgment of dismissal will not be reversed unless, as a matter of law, the trial court clearly abused its discretion. *Id.; Manning v. North*, 82 S.W.3d 706, 709 (Tex.App.-Amarillo 2002, no pet.). The burden of proof rests on a litigant asserting an abuse of discretion because there is a presumption that the action of the trial court was justified. *Manning*, 82 S.W.3d at 709; *Hosey v. County of Victoria*, 832 S.W.2d 701, 704 (Tex.App.-Corpus Christi 1992, no writ).

■■■ The trial judge's authority to dismiss a case for want of prosecution derives from two sources: Rule 165a of the Texas Rules of Civil Procedure and the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999). A trial court may dismiss under Rule 165a on "failure of any party

seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within the time standards promulgated by the Supreme Court...." Tex.R. Civ. P. 165a; *Villarreal*, 994 S.W.2d at 630. In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. *Villarreal*, 994 S.W.2d at 630. Whether a case has been diligently prosecuted is also an issue committed to the trial court's sound discretion. *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 842 (Tex.App.-Fort Worth 1999, no pet.).

■■■ Here, the trial court's order of dismissal for want of prosecution states that Kaposta failed to appear after being given proper notice. The order states that the court gave Green the election of having the court render a default judgment or having the cause dismissed; but because Green did not desire to proceed with a default judgment, the trial court dismissed the case. Given these facts, we cannot conclude that the trial court abused its discretion in finding that Green failed to prosecute the case with due diligence and in dismissing the case. We overrule Green's fourth issue.

## MOTION FOR REINSTATEMENT

In his fifth issue, Green contends that the trial court abused its discretion in refusing to reinstate his case. A case dismissed pursuant to the trial court's inherent power must be reinstated upon a showing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has

---

error is multifarious, it may refuse to review it or it may consider the point of error if it

can determine, with reasonable certainty, the error about which complaint is made. *Id.*

been otherwise reasonably explained. *Rampart Capital Corp. v. Maguire*, 1 S.W.3d 106, 106–07 (Tex.1999).

 Green contends that he could not prosecute the case without his legal documents and that it was only by a mistake of his attorney that he did not have these documents on the day the court dismissed his case. However, as stated in its order dismissing the case, the trial court did not dismiss the case because Green did not have his legal documents but because he refused to proceed with a default judgment when Kaposta failed to appear in court. Because the record does not show that Green demonstrated that this refusal was not intentional or the result of conscious indifference, we conclude that the trial court did not abuse its discretion in refusing to reinstate Green's case. We overrule Green's fifth issue.

## MOTION TO VACATE A VOID JUDGMENT

In his sixth issue, Green contends that the trial court abused its discretion by not acting on his motion to vacate a void judgment. He argues that by taking no action on his motion, the trial court denied it. In his brief, he refers to two motions to vacate a void judgment and a hearing during which he claims the motions were "discussed at length." However, neither the motions nor the hearing are found in the appellate record. He fails to identify the void judgment that should have been vacated or to explain why the trial court abused its discretion in denying the motion. Consequently, Green presents nothing for review on this point. *See Strange*, 126 S.W.3d at 678. We overrule Green's sixth issue.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his seventh issue, Green contends that the trial court appointed him an attorney who was ineffective, thereby violating his right to effective assistance of counsel. However, the doctrine of ineffective assistance of counsel does not extend to civil cases. *Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 343 (Tex. App.-Houston [14th Dist.] 2003, no pet.); *Stokes v. Puckett*, 972 S.W.2d 921, 927 (Tex.App.-Beaumont 1998, pet. denied). Accordingly, we overrule Green's seventh issue.

## CONCLUSION

Having overruled all of Green's issues on appeal, we affirm the trial court's order.