NUMBER 13-05-030-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

DONALD
C. JACKSON,                                             Appellant,

 

                                           v.

 

JOE M. LOPEZ, MICHAEL W.
MORGAN,

AND TAWN RODDEY,                                               Appellees.

 

 

 

                   On appeal from the 23rd District Court

                           of Brazoria County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

      Before Chief Justice Valdez and Justices
Rodriguez and Garza








Memorandum Opinion by
Justice Rodriguez

 

Appellant,
Donald C. Jackson, an inmate at the Texas Department of Criminal Justice
(TDCJ), pro se  and in forma
pauperis filed suit against appellees, Joe M. Lopez, Michael W. Morgan, and
Tawn Roddey, alleging that his civil rights had been violated.[2]  The trial court dismissed appellant's
suit.  By one issue, appellant contends
that the trial court had no arguable basis in law to determine that his suit
against prison employees was frivolous.  See
Tex. Civ. Prac. & Rem. Code Ann.
'' 14.001-.014 (Vernon 2002).  We affirm.

"A
pro se litigant is held to the same standards as licensed attorneys and
must comply with applicable laws and rules of procedure."  Green v. Kaposta, 152 S.W.3d 839, 841
(Tex. App.BDallas 2005, no pet.) (citing Strange
v. Cont'l Cas. Co., 126 S.W.3d 676, 678 (Tex. App.BDallas 2004, no pet.); see Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 184‑85 (Tex. 1978) (providing
that litigants who represent themselves must comply with the applicable
procedural rules, or else they would be given an unfair advantage over
litigants represented by counsel); cf. Minix v. Gonzales, 162
S.W.3d 635, 637 (Tex. App.BHouston [14th Dist.] 2005, no pet.)
(applying the Haines rule, the court concluded that "[a] pro se
inmate's petition should be viewed with liberality and patience and is not held
to the stringent standards applied to formal pleadings drafted by
attorneys.").  Therefore, "[o]n
appeal, as at trial, the pro se appellant must properly present its
case."  Green, 152 S.W.3d at
841.








In a
civil case, this Court will accept as true the facts stated unless another
party contradicts them.  See Tex. R. App. P. 38.1(f).  Appellee, the State, has filed no brief in
this appeal.  Therefore, the State has
not contradicted the facts presented by appellant.  However, the rules of appellate procedure
require that an appellant's brief contain "a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the
record."  Id. at rule 38.1(h).  The facts presented in appellant's brief
must, therefore, be supported by record references.  In this case, however, appellant has provided
no record cites to support the facts stated therein.  Additionally, in support of his contentions,
appellant attached, as part of the appendix to his brief, the TDCJ disposition
of confiscated offender property form and the TDCJ disciplinary report and
hearing record; however, these documents do not appear in the record.  An appellate court cannot consider documents
if they are not formally included in the record on appeal.  See Green, 152 S.W.3d at 841.

We have
little latitude on appeal and can neither remedy deficiencies in a litigant's
brief nor supply an adequate record.  Id.  And we have no duty to perform an independent
review of the record and applicable law to determine whether the error
complained of occurred.  See id.  Because appellant failed to provide us with a
complete record or to adequately brief his issue on appeal, he has presented
nothing for our review.  See id.; Tex. R. App. P. 38.1(h).  We overrule appellant's issue.

We affirm the judgment
of the trial court.

 

NELDA V. RODRIGUEZ

Justice

Memorandum Opinion delivered and

filed this 22nd day of June, 2006.

 











[1]As this is a memorandum
opinion and the parties are familiar with the facts of the case, we will

not recite them here
except as necessary to advise the parties of this Court=s decision and the basic
reasons for it.  See Tex. R. App. P. 47.4.





[2]All appellees were
employees of the Texas Department of Criminal Justice.