NUMBER 13-05-742-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






JOHN A. GRAVES, Appellant,


v.



RICHARD L. MANSKE, ET AL., Appellees.





On appeal from the 130th District Court


of Matagorda County, Texas.






MEMORANDUM OPINION


 

Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez


 Appellant, John A. Graves, a prison inmate, appeals pro se from the dismissal
of his claims against Richard L. Manske. (1) By three issues, appellant generally contends
that the district court abused its discretion by dismissing the suit with prejudice
pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 14.001-.014 (Vernon 2002). Finding no abuse of
discretion, we affirm.

 "A pro se litigant is held to the same standards as licensed attorneys and must
comply with applicable laws and rules of procedure." Green v. Kaposta, 152 S.W.3d
839, 841 (Tex. App.-Dallas 2005, no pet.) (citing Strange v. Cont'l Cas. Co., 126
S.W.3d 676, 678 (Tex. App.-Dallas 2004, no pet.); see Mansfield State Bank v.
Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978) (providing that litigants who represent
themselves must comply with the applicable procedural rules, or else they would be
given an unfair advantage over litigants represented by counsel); cf. Minix v. Gonzales,
162 S.W.3d 635, 637 (Tex. App.-Houston [14th Dist.] 2005, no pet.) (concluding
that "[a] pro se inmate's petition should be viewed with liberality and patience and is
not held to the stringent standards applied to formal pleadings drafted by attorneys."). 
Therefore, "[o]n appeal, as at trial, the pro se appellant must properly present its
case." Green, 152 S.W.3d at 841.

 In a civil case, this Court will accept as true the facts stated unless another
party contradicts them. See Tex. R. App. P. 38.1(f). Appellees have filed no brief in
this appeal. Therefore, they have not contradicted the facts presented by appellant. 
However, the rules of appellate procedure require that an appellant's brief contain "a
clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record." Id. at rule 38.1(h). In this case, appellant presents only
general arguments for his contentions made, arguments that are neither clear nor
concise. Furthermore, appellant has provided no record cites to support the facts, if
any, stated therein.

 We have little latitude on appeal and can neither remedy deficiencies in a
litigant's brief nor supply an adequate record. Green, 152 S.W.3d at 841 (citing
Strange, 126 S.W.3d at 678). And we have no duty to perform an independent
review of the record and applicable law to determine whether the error complained of
occurred. See id. Because appellant failed to adequately brief his issues on appeal,
he has presented nothing for our review. See id.; Tex. R. App. P. 38.1(h).

 Moreover, at the dismissal hearing appellant informed the trial court that
although he filed this suit as a civil suit, he did not desire to bring a civil cause against
any person or entity. Rather, he desired to file a criminal complaint. Based on this
representation, the trial court concluded that the civil proceeding was frivolous and
dismissed the case with prejudice. Appellant contends that the trial court's "choice"
to dismiss his suit with prejudice prevented him from amending his suit or from refiling
his civil suit following the criminal prosecution. However, these arguments were not
made to the trial court, and the assertions that he wished to refile the suit following
the criminal proceeding or to amend his pleadings are not supported by the record. 
The record does, however, support the following finding included in the trial court's
order dismissing appellant's cause:

 During the hearing, [appellant] stated to the [c]ourt that he
did not desire to bring a civil cause against any person or
entity, and that he desired to file, and has in fact filed a
criminal complaint against one or more parties named as
[d]efendant in the . . . [o]riginal [p]etition . . . .


We conclude, therefore, that the trial court did not abuse its discretion when it
dismissed appellant's claim. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2)
(Vernon 2002). We overrule appellant's issues on appeal.

 The judgment of the trial court is affirmed.



 NELDA V. RODRIGUEZ 

 Justice


Memorandum Opinion delivered and

filed this 2nd day of November, 2006.



 
1. Appellant filed his "Motion for Original Petition" asserting claims of theft and organized criminal activity
against the following defendants: Richard L. Manske; Peggy T. Manske; the law firm of Manske &
Manske; Mary Joe Berry; Dennis D. Morgan; Leland M. [sic]; Chad P. Ellis; Sunset Bank & Trust
Company (SBTC); James Gilbeau, Jr., president of SBTC; Don W. Oliver, ex-president of SBTC; Jack
Patin, loan officer of SBTC; L. Brent Vidrine, officer of SBTC and notary public; Mary N. Janise, officer
of SBTC and notary public; Carl M. Duhon, attorney for SBTC; RUSH & RUSH law firm; Warren Rush,
attorney for SBTC; Judy M. Burleigh; Patricia M. Lemaire; Bay City Abstract; Stewart Title Company;
Daniel E. Hayes; John C. Masher; Law Firm of Delange Hudspeth; Michael R. Tibbits; Town of Sunset,
LA; Bull & Daigle Law Corporation; Thomas M. Daigle; Williams Bryan Bull; and other defendants.