Opinion issued August 17, 2007 

 

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00189-CV






S.E.A. LEASING, INC., Appellant


V.


JEFF STEELE AND MELISSA STEELE, Appellees






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 2000-14641







CONCURRING OPINION ON DENIAL OF EN BANC
RECONSIDERATION

 

 I concur in this Court's denial of S.E.A. Leasing Inc.'s motion for en banc
reconsideration, but write separately to address the state of the appellate record at the
time of submission of the case, which does not reflect that the trial court considered
S.E.A. Leasing's motion for new trial. 

 The dissenting opinion contends in part that the panel's holding was erroneous
because the trial court conducted an oral hearing on S.E.A. Leasing's motion for new
trial and overruled it and the Steeles made no objection in the trial court to S.E.A.
Leasing's failure to pay the filing fee for its motion, nor did they object to the trial
court's consideration of S.E.A. Leasing's motion. However, the dissenting opinion
could support this position only by relying on exhibits attached to S.E.A. Leasing's
motion for rehearing, rather than on anything in the record before this Court. 

 After the opinion in this case had issued, S.E.A. Leasing argued for the first
time in its motion for rehearing that the trial court actually had considered its motion
for new trial because the trial court had conducted a hearing. S.E.A. Leasing attached
two "exhibits" to its motion for rehearing, both allegedly evidencing that there had
been a motion-for-new-trial hearing. "Exhibit A" attached to its motion for rehearing
is entitled "Amended Notice of Hearing" and displays the file stamp of the Harris
County District Clerk, dated January 19, 2005. "Exhibit B" is an affidavit of an
attorney who attended the motion-for-new-trial hearing on February 3, 2005, claiming
that the Steeles raised no objection to the court's hearing or to consideration of the
motion for new trial. The affidavit is dated March 8, 2007, after the issuance of the
Court's opinion.

 The Steeles argued in their appellees' brief on original submission that S.E.A.
Leasing did not preserve any error through its motion for new trial because it had
failed to pay the filing fee. Although S.E.A. Leasing filed a reply brief and
supplemented the clerk's record with other documents on appeal, it did not respond
to the Steeles' argument that it had not paid the filing fee for its motion for new trial,
nor did it move to supplement the record with any documents showing that there had
been a motion-for-new-trial hearing. Thus, at the time of submission, the appellate
record did not contain either of the exhibits now referenced in S.E.A. Leasing's
motion for en banc reconsideration or show that S.E.A. Leasing had requested them
to be included in the clerk's record, nor has S.E.A. Leasing formally requested leave
to supplement the record even as of the filing of its motion for en banc
reconsideration. 

 The appellate record, both at the time that this case was submitted and now,
does not reflect that the trial court conducted an oral hearing on S.E.A. Leasing's
motion for new trial: S.E.A. Leasing's motion for new trial did not include notice of
a hearing; there is no reporter's record of a motion-for-new-trial hearing; there is no
docket entry of a motion-for-new-trial hearing; and there is no written request by
S.E.A. Leasing that the trial court clerk include any items evidencing a motion-for-new-trial hearing or that a court reporter include any transcript of a motion-for-new-trial hearing pursuant to rules 34.5 and 34.6 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 34.5(b), (c), 34.6(b)-(d). In fact, the appellate record
at the time that this case was submitted, as well as now, reflects that the trial court did
not consider S.E.A. Leasing's motion for new trial or the Steeles' response because
S.E.A. Leasing had not paid the filing fee. The clerk's record includes S.E.A.
Leasing's motion for new trial, filed on December 22, 2004, and on the cover letter
accompanying that motion, there was a handwritten note, apparently from the clerk
of the trial court, stating, "MNT + Response Are Not Entered on INT 41--MNT Has
Not Been Paid For." Additionally, the trial court did not expressly deny S.E.A.
Leasing's motion for new trial, but, rather, that motion was overruled by operation
of law.

 The dissenting opinion improperly relies on the exhibits that S.E.A. Leasing
attached to its motion for rehearing as material facts evidencing that "the trial court
conducted an oral hearing on S.E.A. Leasing's motion for new trial and overruled it." 
The Court cannot consider documents that are not included in the appellate record. 
See Burke v. Ins. Auto. Auctions Corp., 169 S.W.3d 771, 775 (Tex. App.--Dallas
2005, pet. denied); Green v. Kaposta, 152 S.W.3d 839, 841 (Tex. App.--Dallas 2005,
no pet.). Texas Rule of Appellate Procedure 34.5 provides that unless the parties
designate the filings in the appellate record by agreement, the record must include
copies of the following:

 (1) in civil cases, all pleadings on which the trial was held;


 (2) in criminal cases, the indictment or information, any special plea
or defense motion that was presented to the court and overruled,
any written waiver, any written stipulation, and, in cases in which
a plea of guilty or nolo contendere has been entered, any
documents executed for the plea;


 (3) the court's docket sheet;


 (4) the court's charge and the jury's verdict, or the court's findings of
fact and conclusions of law;


 (5) the court's judgment or other order that is being appealed;


 (6) any request for findings of fact and conclusions of law, any
post-judgment motion, and the court's order on the motion;


 (7) the notice of appeal;


 (8) any formal bill of exception;


 (9) any request for a reporter's record, including any statement of
points or issues under Rule 34.6(c);


 (10) any request for preparation of the clerk's record;


 (11) in civil cases, a certified bill of costs including the cost of
preparing the clerk's record, showing credits for payments made;


 (12) in criminal cases the trial court's certification of the defendant's
right of appeal under Rule 25.2; and


 (13) subject to (b), any filing that a party designates to have included
in the record.


See Tex. R. App. P. 34.5. The clerk is not required to include a notice of hearing in
the clerk's record. See id. However, if a relevant item has been omitted from the
clerk's record, the trial court, the appellate court, or any party may direct the trial
court clerk to prepare, to certify, and to file in the appellate court a supplement
containing the omitted item. See Tex. R. App. P. 34.5(c)(1). Then, the supplemental
clerk's record becomes part of the appellate record. See Tex. R. App. P. 34.5(c)(3). 

 S.E.A. Leasing failed to ensure that the proposed exhibits evidencing a hearing
on its motion for new trial were timely made a part of the record on appeal. See
generally Tex. R. App. P. 34.5 (governing supplementation of record). S.E.A.
Leasing should have done so when it specifically complained about the trial court's
ruling on its motion for new trial in its brief on November 7, 2005. S.E.A. Leasing
also could have done so when the Steeles pointed out in their appellees' brief, filed
on January 6, 2006, that S.E.A. Leasing's motion for new trial did not preserve error
because S.E.A. Leasing had failed to pay the required statutory fee. We might have
even considered the proposed exhibits evidencing a hearing had the appellate record
been supplemented with them by the time of submission on January 31, 2001. See
Worthy v. Collagen Corp., 967 S.W.2d 360, 366 (Tex. 1998) (stating that, after
submission, appellate court has more discretion to deny supplementation of record). 
However, S.E.A. Leasing has not even at this point requested leave to supplement the
record. See id. (holding that appellate court did not abuse its discretion in denying
supplementation of record after its opinion had issued). 

 Moreover, the record could not have been supplemented with S.E.A. Leasing's
"Exhibit B" because the affidavit from S.E.A. Leasing's attorney concerning the
purported motion-for-new-trial hearing was not filed with the trial court, was created
on appeal, and was not part of any clerk's record. Therefore, the record could have
been supplemented only with "Exhibit A," the amended notice of hearing, which is
not conclusive proof that the trial court held a hearing or that it considered S.E.A.
Leasing's motion for new trial. 

 Additionally, to allow such free supplementation of the record at this stage
would cause undue delay and segmentation of the appellate process. See Tex. First
Nat. Bank v. Ng, 167 S.W.3d 842, 866 (Tex. App.--Houston [14th Dist.] 2005, pet.
granted, judgm't vacated w.r.m.) (refusing to consider supplemental record filed more
than month after court's opinion and judgment had issued). Although appellate
courts strive to decide cases on the merits rather than on procedural technicalities,
declining to supplement the record after a case is decided (especially when the parties
had ample opportunity to correct the omission prior to decision) does not violate this
general policy. Further, reconsidering the prior decision after the Court's opinion has
issued does not serve judicial economy. See Worthy, 967 S.W.2d at 366 (holding that
appellate courts have substantial discretion not to consider supplements to appellate
record that are filed after issuance of opinion and rendition of judgment).




Conclusion


 Accordingly, given the appellate record as it has existed since the case was
submitted, the panel's holding that S.E.A. Leasing did not preserve its statute-of-limitations challenge was not erroneous. For this reason, among others, the Court has
also properly denied en banc reconsideration.

 

 

 Tim Taft

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.

A majority of the justices of the Court voted to deny en banc reconsideration. See
Tex. R. App. P. 41.2, 49.7.


Justice Taft, joined by Justices Alcala and Hanks, concurring in the denial of en banc
reconsideration. 


Justice Keyes, dissenting from the denial of en banc reconsideration.