NUMBER 13-06-494-CR



COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


DAVID C. MATTHEWS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court at Law of Lavaca County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides, and Vela


Memorandum Opinion by Justice Benavides



 Appellant David Matthews, appearing pro se, appeals his conviction for failure to
reduce his speed while passing an authorized emergency vehicle. Tex. Transp. Code
Ann. § 545.157 (Vernon Supp. 2006). After a jury trial, Matthews was fined $100.00,
assessed court costs of $224.00, and assessed a transaction fee of $2.00. Matthews
contends (1) that the prosecutor's closing argument conclusively demonstrates that he
could not have slowed down to the speed required by law, and (2) that the prosecutor
committed misconduct by prosecuting Matthews with knowledge of these "extenuating
circumstances" surrounding his alleged traffic violation. We affirm.

I. Background

 On March 19, 2006, Matthews was ticketed for failure to reduce his speed while
passing an emergency vehicle. The traffic citation appears in the record, and it states that
Matthews was traveling at a speed of sixty miles per hour in a seventy mile per hour zone
while passing the emergency vehicle. (1)

 Matthews contested the traffic citation in the Justice Court of Lavaca County. After
a non-jury trial, the justice court found Matthews guilty and assessed a fine of $196.00. 
Matthews appealed that decision to the County Court of Lavaca County. There, he
pleaded not guilty and requested a jury trial. A jury of six was empaneled, and the case
was tried on August 28, 2006.

 The jury charge and verdict appear in the clerk's record. The jury found Matthews
guilty and assessed a fine of $100.00 plus court costs. The reporter's record, however,
consists of only a small portion of the trial-specifically, it includes only the Lavaca County
Attorney's closing argument.

 The Lavaca County Attorney argued that the evidence showed that Matthews was
the driver of a vehicle on public highway US 77 in Lavaca County. She argued that
Matthews failed to reduce his speed while passing a state trooper's parked emergency
vehicle. The state trooper, Corporal Matthew Southall, had his emergency lights on and
was issuing a traffic ticket to another driver. The county attorney argued that according to
Southall's testimony, Matthews was traveling at sixty miles per hour where the posted
speed limit was seventy miles per hour. 

 The portion of the transcript that Matthews relies on for his appeal is as follows:

 [The radar] hit Mr. Matthews. He said 60. He said 58 for the truck that was
behind him. Common sense tells you Mr. Matthews is in front, truck's in
back. Truck's going 58. Mr. Matthews has to be going faster than 58. Mr.
Matthews wants you to believe that the fact - if the radar - here's Corporal
Southall's car, if the radar hits him and he is already passing by it's not a
legitimate offense. Yes, it is. And the corporal said it is. It is because there
is no way, physically, when Mr. Matthews is approaching this stationary
emergency vehicle, that he could have been going 50 miles an hour. That
is what the corporal testified to. . . . Corporal said there's no way that Mr.
Matthews was ever going 50 miles-an-hour when he was passing the
stationary emergency vehicle. It's that simple. 


 After his conviction, Matthews filed a pro se brief with this Court. The State has not filed
a brief. 

II. Analysis 


 Matthews's issue apparently revolves around whether the county attorney admitted
a significant fact during her closing argument. He asserts that the county attorney 

 [i]n her closing argument . . . pointed out that the vehicle following mine was
traveling at 58 mph and therefore I could not have slowed down to 50 mph
traveling through the emergency scene. . . . I submit that having been fully
aware of these extenuating circumstances [the county attorney] still decided
to proceed to trial which in turn means that this was not a good faith
prosecution. In fact, deciding to proceed against an individual in full
knowledge of their innocence constitutes malicious prosecution. 


 Matthews misconstrues the county attorney's closing argument. Nowhere in the
transcript does the county attorney ever say that it was impossible for Matthews to slow
down to an appropriate speed while passing the emergency vehicle. Rather, the county
attorney was attempting to counter Matthews's argument that, although the radar
registered him as traveling at sixty miles per hour after he had already passed the
emergency vehicle, he was actually traveling fifty miles per hour while passing. 

 The county attorney merely stated that it was impossible that Matthews was
traveling at fifty miles per hour when he passed the trooper. Her argument was that
Matthews must have been going faster because the car immediately behind him was
traveling at fifty-eight miles per hour when it passed. Nothing in this statement indicates
that Matthews was unable to apply his brakes and reduce his speed, as Matthews
contends. If such evidence was presented by Matthews at trial, we have no knowledge of
it because the record is incomplete. 

 Although in a civil case, we may take as true facts stated in an appellant's brief that
are not contradicted by the appellee, this is a criminal case. Tex. R. App. P. 38.1(f). Even
so, we are not authorized to ignore the record on appeal and reverse a lower court based
on statements by the appellant that are directly contradicted by the record. The record
simply does not support Matthews's argument. 

 Moreover, the record does not reveal any objection to the allegedly inappropriate
prosecution and closing argument; no motion for a mistrial related to prosecutorial
misconduct was filed. Accordingly, Matthews's two complaints were not preserved for
review. Tex. R. App. P. 33.1.

 Finally, even had Matthews preserved error, his brief is entirely devoid of citations
to legal authority. See Tex. R. App. P. 38.1(h). Although we recognize that pro se litigants
are entitled to greater leniency, they are not exempt from the rules of procedure. Wheeler
v. Green, 157 S.W.3d 439, 444 (Tex. 2005). We cannot remedy deficiencies in a litigant's
brief or provide an adequate record when none is presented by the appellant. Green v.
Kaposta, 152 S.W.3d 839, 841 (Tex. App.-Dallas 2005, no pet.). Both of Matthews's
issues are overruled.

III. Conclusion

 Finding that Matthews has not presented anything for our review, we affirm the trial
court's judgment of conviction. 


 __________________________

 GINA M. BENAVIDES

 Justice


Do not publish.

See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 23rd day of August, 2007.

1. Texas Transportation Code section 545.157(a) provides:


 (a) On approaching a stationary authorized emergency vehicle using visual signals
that meet the requirements of Sections 547.305 and 547.702, an operator, unless
otherwise directed by a police officer, shall:


 (1) vacate the lane closest to the emergency vehicle when driving on a
highway with two or more lanes traveling in the direction of the
emergency vehicle; or 


 (2) slow to a speed not to exceed:


 (A) 20 miles per hour less than the posted speed limit when the
posted speed limit is 25 miles per hour or more; or

 

 (B) five miles per hour when the posted speed limit is less than 25
miles per hour.