

# NUMBERS 13-13-00628-CV AND 13-13-00629-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF C.A.W.P. AND Z.J.W.P., MINOR CHILDREN

### On appeal from the County Court at Law No. 5
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

This is a pro se appeal by appellant W.H.W. from two orders changing the legal

names of his children.[1]  By two issues, which we consolidate and address as one,

appellant argues that the trial court lacked continuing jurisdiction under Texas Family

---

[1] Both appellant and appellee, R.M.P., the children's mother, address both orders in single briefs. Likewise, this opinion consolidates the Court's analysis of both appeals.  *See* TEX. R. APP. P. 47.1. Moreover, we note that we use the parties' initials in this opinion to protect the privacy of the children involved in the case.

Code section 155.003 to change the children's names. *See* TEX. FAM. CODE ANN. § 155.003 (West, Westlaw through 2013 3d C.S.).   We affirm.

## I.  Background

In July 2012, the mother of appellant's children, appellee R.M.P., filed two petitions in Hidalgo County Court at Law Number 5 to change the names of the former couple's two children.   It is undisputed that the county court at law issued the final order in the parties' original suit affecting the parent-child relationship (SAPCR), which established custody and child support obligations.

The two name-change petitions alleged, in relevant part, the following:

2. This suit is brought by [R.M.P], Petitioner, who is the sole managing conservator of [C.A.W.P. and Z.J.W.P.] . . . .

3. [C.A.W.P. and Z.J.W.P. are] minor[s] and [are] currently residing in Washington County, Utah. . . .

4. [C.A.W.P. and Z.J.W.P. are] subject to the continuing exclusive jurisdiction of this Court.

5.  [C.A.W.P. and Z.J.W.P. are] not subject to the registration requirements of chapter 62 of the Texas Code of Criminal Procedure.

6. Respondent, [W.H.W.], is the parent of [C.A.W.P. and Z.J.W.P.] . . . .

7. Petitioner requests the Court to [change C.A.W.P. and Z.J.W.P.'s names].

8. The reason for the requested change is to remove the hyp[h]en between [W.] and [P.].

9. [C.A.W.P. and Z.J.W.P.]'s written consent[s] to the change of name will be filed.[2]

---

[2] The two petitions were identical, except for the names of the respective children, so we combine them for our recitation of the facts.

Appellant responded to the petition, arguing that the trial court lacked continuing jurisdiction over the matter because the children's home state is Utah. After a hearing, at which appellee testified, the trial court granted the petitions and ordered the children's names changed.

## II. Standard of Review and Applicable Law

> We review for an abuse of discretion a trial court's decision to change the name of a minor child. *In re S.M.V.*, 287 S.W.3d 435, 446 (Tex. App.—Dallas 2009, no pet); *In re A.C.B.*, No. 14-99-01379-CV, 2001 WL 931567, at *1 (Tex. App.—Houston [14th Dist.] Aug. 16, 2001, no pet.) (mem. op., not designated for publication); *see Newman v. King*, 433 S.W.2d 420, 424 (Tex. 1968). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to guiding rules or legal principles. *London v. London*, 94 S.W.3d 139, 143 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

*In re H.S.B.*, 401 S.W.3d 77, 81 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see Scoggins v. Trevino*, 200 S.W.3d 832, 836 (Tex. App.—Corpus Christi 2006, no pet.); *see also In re R.E.G.*, No. 13-08-00335-CV, 2009 WL 3778014, at *2 (Tex. App.—Corpus Christi Nov. 12, 2009, pet. denied) (mem. op.).

"A parent, managing conservator, or guardian of a child may file a petition requesting a change of name of the child in the county where the child resides." TEX. FAM. CODE ANN. § 45.001 (West, Westlaw through 2013 3d C.S.). That petition

> (a) . . . must be verified and include:
>
> (1) the present name and place of residence of the child;
>
> (2) the reason a change of name is requested;
>
> (3) the full name requested for the child;
>
> (4) whether the child is subject to the continuing exclusive jurisdiction of a court under Chapter 155;

3

> (5)  whether the child is subject to the registration requirements of Chapter 62, Code of Criminal Procedure[; and]
>
> (b)  If the child is 10 years of age or older, the child's written consent to the change of name must be attached to the petition.

*Id.* § 45.002(a)–(b) (West, Westlaw through 2013 3d C.S.).

Here, appellant challenges only whether appellee established that the trial court had continuing, exclusive jurisdiction. Under chapter 155 of the family code, "[e]xcept as otherwise provided by this section, a court acquires continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order." *Id.* § 155.001(a) (West, Westlaw through 2013 3d C.S.).

### III.  Discussion

By his issue on appeal, relying on subsections 155.033(b)(1) and (c)(1) of the family code, appellant argues that the trial court erred in granting the name changes because none of the parties have resided in Texas for "over five years." Because we disagree that those subsections governed the trial court's determination in this case, we will affirm the judgment.

Texas Family Code section 155.033 provides, in relevant part, as follows:

> (a)  Except as otherwise provided by this section, a court with continuing, exclusive jurisdiction may exercise its jurisdiction to modify its order regarding managing conservatorship, possessory conservatorship, possession of and access to the child, and support of the child.
>
> (b)  A court of this state may not exercise its continuing, exclusive jurisdiction to modify managing conservatorship if:
>
> > (1)  the child's home state is other than this state . . . ;
>
> (c)  A court of this state may not exercise its continuing, exclusive

4

jurisdiction to modify possessory conservatorship or possession of or access to a child if:

(1)    the child's home state is other than this state and all parties have established and continue to maintain their principal residence outside this state . . . .

*Id.* § 155.003(a)–(c). Subsections (b)(1) and (c)(1) apply to modifications of managing and possessory conservatorships, respectively. *Id.* § 155.003(b)(1), (c)(1). By their express terms, they do not apply to name changes. *Id.* If we were to construe a name change as a "modif[ication]" of the trial court's "order regarding managing conservatorship, possessory conservatorship, possession of and access to the child, and support of the child," the only subsection that arguably applied to appellee's name change petitions was subsection (a). *Id.* § 155.003(a). And under that provision, appellee merely had to show that the county court at law had continuing, exclusive jurisdiction over the parties. *See id.* It is undisputed that the trial court earlier rendered a final order in the parties' SAPCR; under section 155.001, this gave the county court at law continuing, exclusive jurisdiction over all the matters regarding C.A.W.P. and Z.J.W.P.[3] *See id.* § 155.001.

---

[3] The only provision in which the parties' out-of-state residency may arguably have a bearing is section 45.001, which states that a parent "may file a petition requesting a change of name of the child in the county where the child resides." *See* TEX. FAM. CODE ANN. § 45.001 (West, Westlaw through 2013 3d C.S.). We have found no law interpreting this provision as a residency requirement for jurisdictional purposes. And regardless, appellant makes no argument regarding this provision, so we need not address its relevance in this opinion. *See* TEX. R. APP. P. 38.1(i); *see also Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.—Dallas 2005, no pet.) ("A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure."); *Siddiqui v. Siddiqui*, No. 14-07-00235-CV, 2009 WL 508260, at *1 (Tex. App.—Houston [14th Dist.] Mar. 3, 2009, pet. denied) (mem. op.) ("While we have compassion for the plight of the pro se litigant attempting to follow the rules of legal procedure and substantive laws, and therefore construe pro se pleadings and briefs liberally, we must still hold appellant to the same standard as a licensed attorney, requiring that he follow those same rules and laws . . . . To do otherwise would give a pro se litigant an unfair advantage over a litigant represented by counsel.").

In light of the foregoing, we cannot conclude that the trial court abused its discretion in granting appellee's petitions for name changes. *See Scoggins*, 200 S.W.3d at 836; *see also In re H.S.B.*, 401 S.W.3d at 81. Appellant's issue is overruled.

## IV. Conclusion

We affirm the orders of the trial court changing the names of C.A.W.P. and Z.J.W.P.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
31st day of July, 2014.