

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-18-00092-CV**

**IN THE INTEREST OF I.D.C., A CHILD**

**From the 66th District Court**
**Hill County, Texas**
**Trial Court No. CV315-17**

## O R D E R

On June 11, 2018, we received from Appellant, I.D.C.'s father, an "Out-of-Time Motion for New Trial" and several documents that he represents are a courtesy copy of his motion for rehearing that he filed in No. WR-78,605-03 in the Court of Criminal Appeals. On June 18, 2018, we then received two more documents from Appellant: a "Request for Production of Documents" and an affidavit that he would like considered with his "Out-of-Time Motion for New Trial." Finally, on June 29, 2018, we received a document entitled "Supplement to Appellants Out-of-Time Motion for New Trial." We have reviewed all of these documents and issue the following orders:

Appellant's "Out-of-Time Motion for New Trial" and "Supplement to Appellants Out-of-Time Motion for New Trial" are not in compliance with Rule of Appellate Procedure 9.8. *See* TEX. R. APP. P. 9.8. To expedite this matter, we order that the "Out-of-Time Motion for New Trial" and "Supplement to Appellants Out-of-Time Motion for New Trial" be sealed. However, all future filings will be expected to be in compliance with Rule 9.8. Appellant's request for an out-of-time motion for new trial is also denied.

As for the several documents that Appellant represents are a courtesy copy of his motion for rehearing that he filed in Cause No. WR-78,605-03 in the Court of Criminal Appeals, Appellant acknowledges that they have not been served on all parties to this appeal. Appellant states, "They are not priviledged [*sic*] and do not have jurisdiction to review it." A filing party is, however, required to serve a copy of all documents presented to the Court on all parties to the appeal. *Id.* at 9.5(a).

Additionally, Appellant requests that we review the motion for rehearing and "submit a brief" pursuant to Rule of Appellate Procedure 47.1. Rule 47.1, entitled "Written Opinions" provides: "The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." *Id.* at 47.1. We, however, have no jurisdiction over the application for writ of habeas corpus in Court of Criminal Appeals Cause No. WR-78,605-03. Furthermore, in deciding this appeal, we can consider only documents that are part

of the record in this appeal. *See Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.—Dallas 2005, no pet.).

Likewise, Appellant's "Request for Production of Documents" is also denied. **Cause No. 50144 is not before us in this appeal.** This appeal involves the 66th District Court of Hill County's February 27, 2018 order of termination in Trial Court Cause No. CV315-17.

Finally, Appellant's brief was due on June 26, 2018, but no brief has been filed for Appellant. Pursuant to Rules of Appellate Procedure 38.8(a)(1) and 42.3, Appellant is notified that the Court may dismiss this appeal for want of prosecution unless, within 14 days of the date of this Order, Appellant or any party desiring to continue the appeal files with this Court a response showing grounds for continuing the appeal.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed July 25, 2018

