COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

| | |
|---|---|
| Appellate case name: | Trenton Garrett v. Texas 18th U.S. District Representative Sheila Jackson Lee |
| Appellate case number: | 01-21-00498-CV |
| Trial court case number: | 1173525 |
| Trial court: | County Civil Court at Law No. 1 of Harris County |

Appellant, Trenton Garrett, has filed a notice of appeal from the trial court's September 9, 2021 order granting the motion to dismiss of appellee, Texas 18th U.S. District Representative Sheila Jackson Lee.

On November 5, 2021, appellant filed his appellant's brief. On November 9, 2021, appellant filed an amended appellant's brief. On November 12, 2021, appellant filed two additional documents, which we construe as supplements to his previously filed appellant's briefs. None of the briefs filed by appellant complies with Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1. Among other things, appellant's briefs:

- Do not "state concisely the nature of the case," "the course of proceedings, and the trial court's disposition of the case," "supported by record refences";

- Do not "state concisely all issues or points presented for review";

- Do not "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references";

- Do not "contain a succinct, clear, and accurate statement of the arguments made in the body of the brief";

- Do not "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"; and

- Do not "contain a short conclusion that clearly states the nature of the relief sought."

TEX. R. APP. P. 38.1(d), (f), (g), (h), (i), (j); *Petty v. Petty*, No. 13-14-00051-CV, 2014 WL 5500459, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 30, 2014, pet. denied) (mem. op.) (where brief presents "no cognizable or discernable issues" and contains "no coherent argument

supported by appropriate citations" it fails to comply with Texas Rule of Appellate Procedure 38.1).

An appellate court is "not obligated to become [an] advocate[] for a particular litigant by performing research and developing argument for that litigant. It is the appealing party's burden to discuss his assertions of error, and [the appellate court] ha[s] no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *See Tucker v. Fort Worth W. R.R. Co.*, No. 02-19-00221-CV, 2020 WL 3969586, at \*1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (internal citations and quotations omitted); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.) ("Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other."). A pro se litigant is held to the same standard as a licensed attorney and must comply with all applicable laws and rules of procedure. *See Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.—Dallas 2005, no pet.).

Because appellant's briefs do not comply with Texas Rule of Appellate Procedure 38.1, we **strike** appellant's brief filed on November 5, 2021 and appellant's amended brief filed on November 9, 2021. We also **strike** the two supplements to his briefs filed on November 12, 2021 by appellant. **We order appellant to file a corrected brief that complies with Texas Rule of Appellate Procedure 38.1**. **The deadline for filing the corrected brief is thirty days from the date of this order**.

If appellant's corrected brief does not comply with Texas Rule of Appellate Procedure 38.1, the Court may strike the corrected brief, prohibit appellant from filing another, proceed as if appellant has failed to file a brief, and dismiss the appeal. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3, 43.2(f); *see, e.g.*, *Tucker*, 2020 WL 3969586, at \*1 (where appellant ordered to file amended brief but amended brief still did not comply with Texas Rules of Appellate Procedure, striking amended brief and dismissing appeal for want of prosecution); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at \*1 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.); *Petty*, 2014 WL 5500459, at \*1–2 (striking appellant's amended brief and dismissing appeal because of failure to comply with Texas Rule of Appellate Procedure 38.1). If appellant fails to timely file his corrected brief, the Court may also dismiss his appeal. *See* TEX. R. APP. P. 38.8(a), 42.3, 43.2(f).

Appellee's brief will be due thirty days from the date appellant's corrected brief is filed. *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.


Judge's signature: _____/s/ Julie Countiss_____
                              Acting individually

Date: __November 16, 2021___