**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

| | |
|---|---|
| Appellate case name: | Marsha Bennett v. Raymond P. Jenkins, Walter Lucas, Ceasar Moore, Jr., Juan Sanchez Munoz, and Renu Khator |
| Appellate case number: | 01-21-00557-CV |
| Trial court case number: | 2020-67065 |
| Trial court: | 165th District Court of Harris County |

Appellant, Marsha Bennett, has filed a notice of appeal of the trial court's September 13, 2021 order granting the plea to the jurisdiction, motion to dismiss, and motion for summary judgment of appellees, Raymond P. Jenkins, Walter Lucas, Ceasar Moore, Jr., Juan Sanchez Munoz, and Renu Khator.

On March 22, 2022, appellant filed her appellant's brief. The brief does not comply with Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1. Among other things, appellant's brief:

- Does not "give a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel";

- Does not contain "a table of contents with references to the pages of the brief" or a "table of contents . . . indicat[ing] the subject matter of each issue or point, or group of issues or points";

- Does not contain "an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited";

- Does not "state concisely the nature of the case," "the course of proceedings, and the trial court's disposition of the case," "supported by record refences";

- Does not "state concisely all issues or points presented for review";

- Does not "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references";

- Does not "contain a succinct, clear, and accurate statement of the arguments made in the body of the brief"; and

- Does not "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."

TEX. R. APP. P. 38.1(a), (b), (c), (d), (f), (g), (h), (i); *Petty v. Petty*, No. 13-14-00051-CV, 2014 WL 5500459, at \*1–2 (Tex. App.—Corpus Christi–Edinburg Oct. 30, 2014, pet. denied) (mem. op.) (where brief presents "no cognizable or discernable issues" and contains "no coherent argument supported by appropriate citations" it fails to comply with Texas Rule of Appellate Procedure 38.1).

An appellate court is "not obligated to become [an] advocate[] for a particular litigant by performing research and developing argument for that litigant. It is the appealing party's burden to discuss h[er] assertions of error, and [the appellate court] ha[s] no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *See Tucker v. Fort Worth W. R.R. Co.*, No. 02-19-00221-CV, 2020 WL 3969586, at \*1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (internal citations and quotations omitted); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.) ("Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other."). A pro se litigant is held to the same standard as a licensed attorney and must comply with all applicable laws and rules of procedure. *See Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.—Dallas 2005, no pet.).

Because appellant's brief does not comply with Texas Rule of Appellate Procedure 38.1, we **strike** appellant's brief filed on March 22, 2022. **We order appellant to file a corrected brief that complies with Texas Rule of Appellate Procedure 38.1. The deadline for filing the corrected brief is thirty days from the date of this order**.

If appellant's corrected brief does not comply with the Texas Rules of Appellate Procedure, the Court may strike the corrected brief, prohibit appellant from filing another, proceed as if appellant has failed to file a brief, and dismiss the appeal. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3, 43.2(f); *see, e.g.*, *Tucker*, 2020 WL 3969586, at \*1 (where appellant ordered to file amended brief but amended brief still did not comply with Texas Rules of Appellate Procedure, striking amended brief and dismissing appeal for want of prosecution); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at \*1 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.); *Petty*, 2014 WL 5500459, at \*1–2 (striking appellant's amended brief and dismissing appeal because of failure to comply with Texas Rule of Appellate Procedure 38.1). If appellant fails to timely file her corrected brief, the Court may also dismiss her appeal. *See* TEX. R. APP. P. 38.8(a), 42.3, 43.2(f).

Appellee's brief will be due thirty days from the date appellant's corrected brief is filed. *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.

Judge's signature: _____/s/ Julie Countiss_____
                                       Acting individually

Date: ___March 29, 2022____

2