

## COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS AT HOUSTON

### ORDER

Appellate case name:           Linda Porter v. Kennard Law, PC d/b/a Kennard Richard PC, Peter Costea, Gregg Rosenberg, and Rosenberg & Sprovach

Appellate case number:       01-22-00153-CV

Trial court case number:     2017-67479

Trial court:                 127th District Court of Harris County

Appellant, Linda Porter, has filed a notice of appeal. On July 25, 2022, appellant filed her appellant's brief. On July 27, 2022, appellant filed an amended appellant's brief. Neither brief complies with Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1. Among other things, appellant's briefs:

- Do not "give a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel";

- Do not "state concisely the nature of the case," "the course of proceedings, and the trial court's disposition of the case," "supported by record refences";

- Do not "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; and

- Do not "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."

TEX. R. APP. P. 38.1(a), (d), (g), (i). Appellant's briefs also do not comply with Texas Rule of Appellate Procedure 9.4(i)(2)(B), which states that an appellant's brief filed in the court of appeals may not exceed 15,000 words if computer-generated. TEX. R. APP. P. 9.4(i)(2)(B). Appellant's certificates of compliance for her briefs state that her appellant's brief and her amended appellant's brief are each 26,993 words.

The appellate briefing requirements are mandatory. *M&E Endeavors LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston [1st Dist.] Aug. 17, 2020, no pet.) (mem. op.); *see also Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.) ("Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other."). A pro se litigant is held to the same standard

as a licensed attorney and must comply with all applicable laws and rules of procedure.  *See Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.—Dallas 2005, no pet.).

Because appellant's briefs do not comply with Texas Rules of Appellate Procedure 9.4 and 38.1, we **strike** appellant's brief filed on July 25, 2022 and appellant's amended brief filed on July 27, 2022.  **We order appellant to file a corrected brief that complies with Texas Rules of Appellate Procedure 9.4 and 38.1**.  **The deadline for filing the corrected brief is thirty days from the date of this order**.

If appellant's corrected brief does not comply with the Texas Rules of Appellate Procedure, the Court may strike the corrected brief, prohibit appellant from filing another, proceed as if appellant has failed to file a brief, and dismiss the appeal.  *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3, 43.2(f); *see, e.g.*, *Archer v. Finlay*, No. 13-21-00359-CV, 2022 WL 1415679, at *1 (Tex. App.—Corpus Christi–Edinburg May 5, 2022, no pet.) (mem. op.) (dismissing appeal where appellant's brief failed to comply with Texas Rules of Appellate Procedure 9.4 and 38.1); *Tucker v. Fort Worth W. R.R. Co.*, No. 02-19-00221-CV, 2020 WL 3969586, at *1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (where appellant ordered to file amended brief but amended brief still did not comply with Texas Rules of Appellate Procedure, striking amended brief and dismissing appeal for want of prosecution); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.); *Petty v. Petty*, No. 13-14-00051-CV, 2014 WL 5500459, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 30, 2014, pet. denied) (mem. op.) (striking appellant's amended brief and dismissing appeal because of failure to comply with Texas Rule of Appellate Procedure 38.1).  If appellant fails to timely file her corrected brief, the Court may also dismiss her appeal. *See* TEX. R. APP. P. 38.8(a), 42.3, 43.2(f).

Appellees' brief will be due thirty days from the date appellant's corrected brief is filed. *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.


Judge's signature: _____/s/ Julie Countiss_____
                               Acting individually

Date: ___August 2, 2022_____