**AFFIRMED; Opinion Filed August 12, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00369-CR

**JAMES EDWARD GRUMBLES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F11-70745-Y**

## MEMORANDUM OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Evans

James Edward Grumbles pleaded guilty to failure to stop and render aid. He was sentenced to five years in the penitentiary and assessed a $10,000 fine. He asserts three issues on appeal: (1) the trial court did not allow him to testify at his sentencing hearing; (2) the trial court assessed a fine in excess of the statutory maximum fine for the offense; and (3) the record does not support $244 in court costs. We affirm the judgment of the trial court.

### I. BACKGROUND

On March 4, 2011, appellant sped away from a valet stand in his Tahoe striking Selena Christian while she crossed the street in a crosswalk. Christian was knocked unconscious and transported by ambulance to Baylor Hospital's emergency room. In addition to the injury to her head, Christian suffered multiple fractures to her spine and an injury to her elbow requiring stitches. Christian was admitted to the hospital overnight, released the next day, and

convalesced for two months before she returned to work. Two years later, Christian still experienced episodes of pain that impaired her ability to lift heavy objects and prevented her from traveling for work and picking up her children.

A grand jury indicted appellant for failing to stop and render aid after involvement in an "accident resulting in injury to SELENA CHRISTIAN . . . including . . . making arrangements for transporting [Christian] to a physician and hospital when it was apparent that treatment was necessary, and when [Christian] requested the transportation . . . ." Without a plea bargain agreement, appellant pleaded guilty to the offense charged in the indictment and agreed to be sentenced by the judge without a jury. The first witness to testify at the punishment phase described appellant's inebriated state immediately before he received his Tahoe at the valet stand and sped off. Christian, the only other witness, testified about crossing in the crosswalk, being struck, going in and out of consciousness as she lay on the pavement, and about her injuries.

Appellant met privately with his counsel after the State rested. Then this exchange occurred:

> THE COURT: State rests, as I understand it; is that right?
>
> [Prosecutor]: Yes.
>
> THE COURT: What says the defense?
>
> [Defense Counsel]: Judge, at this time it's my understanding that we have been notified that, in fact, there should be another attorney representing my client that has been hired to represent him.
>
> Based upon that, I have discussed with my client his rights at this point to testify and not to testify, what he might want to do. It is my understanding, and, Mr. Grumbles, correct me if I'm wrong on this, that at this time, based upon these developments, it is your desire not to testify and --
>
> THE COURT: I'm going to deny the request for a new attorney. Okay. Now, given that, do you still want to not testify? It's not timely made, sir. Okay. You have the absolute right to testify in your own behalf, if you choose to do so. If you decide not to testify in your own behalf, I won't hold that against you. Do you understand that?

THE DEFENDANT:  I'm not -- I don't understand.

THE COURT:  You don't understand that?

[Defense Counsel]:  Mr. Grumbles, basically, we have been over our situation.  You have been over your right to testify, as previously stated and what that would involve.  Now, we have been hit with this curve ball with your new attorney.  It's up to you on whether you want to testify now, whatever, okay?  It's strictly up to you.  You have visited with probation, they have information prepared.  It's up to you what you want to do at this time.

THE DEFENDANT: What I don't understand is denying the right to a new attorney.

THE COURT: It's not timely made, sir.  In fact, I have heard enough from you.  Any final arguments in this case?

After closing arguments, the trial court pronounced sentence of five years in the penitentiary and a $10,000 fine.  Appellant timely filed his notice of appeal.

ANALYSIS

## A.  Appellant's Constitutional Right to Testify

In appellant's first issue, he complains he was denied his constitutional right to testify on his own behalf at the punishment hearing.  Appellant's complaint about his inability to testify is directed at the trial court, not his counsel.  He claims the discussion quoted above amounted to his request to testify and the trial court's denial of that request.  He requests that we reverse the punishment judgment and remand for a new sentencing hearing.  We overrule appellant's first issue for the following reasons.

A defendant has a right to testify at his own trial, and such a right is fundamental and personal to the defendant.  *Johnson v. State*, 169 S.W.3d 223, 236 (Tex. Crim. App. 2005) (citing *Rock v. Arkansas*, 483 U.S. 44, 52 (1987)).  In *Rock*, the Supreme Court held defendant's right to testify derives from the Fifth and Sixth Amendments to the United States Constitution, is personal to the defendant, and cannot be waived by counsel.  *Rock*, 483 U.S. at 52.  A defendant

–3–

may knowingly and voluntarily waive this right. *See Smith v. State*, 286 S.W.3d 333, 338 n.9 (Tex. Crim. App. 2009) (citing *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997)).

The record on appeal does not indicate appellant requested to testify, but instead reflects his tacit agreement with his counsel that he did not want to testify. Appellant's counsel asked appellant to correct him if counsel incorrectly understood that appellant "desire[d] *not* to testify." (emphasis added). Appellant did not correct his counsel on that issue at any time during trial. Instead, appellant re-urged his request for a change of counsel based on appellant's representation that his employer hired a new lawyer to represent him. Thus, when the trial court advised appellant of his "absolute right to testify in [his] own behalf," that if he did not testify "I won't hold that against you," and asked him, "Do you understand that?" it was appellant who interjected confusion by claiming not to understand why the trial court was denying his request to change counsel. To appellant's reassertion of his request to change counsel, the trial court responded, "It's not timely made, sir. In fact, I have heard enough from you." Nowhere in this exchange or anywhere else in the record did appellant request to testify or dispute his lawyer's statement that his lawyer understood appellant did not want to testify. Nor does the record contain appellant's counsel's attempt to call appellant as a witness, appellant's complaint about not being called as a witness, or a ruling from the trial court denying him his right to testify. When examined in context, the trial court's statements clearly pertained to appellant's request to change counsel—about which he makes no complaint on appeal—not a denial of his right to testify.[1] We overrule appellant's first issue.

---

[1] In a slightly different context in *Rice v. State*, 05-07-00704-CR, 2008 WL 3522243, at *3 (Tex. App.—Dallas Aug. 14, 2008, pet. ref'd) (not designated for publication), we similarly concluded a trial court was not ruling on an appellant's request to testify but merely managing the trial properly where the trial court silenced a defendant's outbursts and objections during trial.

## B. *Statutory Fine*

Appellant complains in his second issue that the $10,000 fine imposed by the trial court exceeds the applicable statutory fine for the offense for which he was convicted. Appellant requests that we vacate the fine and remand for the trial court to assess a new fine. "Statutory interpretation and application are questions of law that we review *de novo.*" *Nichols v. State*, 05-97-00753-CR, 1999 WL 675430, at *2 n.9 (Tex. App.—Dallas Sept. 1, 1999, pet. ref'd) (not designated for publication) (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)).

Appellant argues he was convicted of an offense under section 550.021(c)(2)[2] of the transportation code for which the maximum fine is $5,000. *See* TEX. TRANSP. CODE ANN. §§ 550.021(c)(2)(B) (West. Supp. 2013). The State argues that because appellant was convicted of an offense resulting in serious bodily injury section 550.021(c)(1)(B) of the transportation code applies and provides that the offense is a third degree felony having a $10,000 maximum fine which was lawfully imposed on appellant by the trial court. *See id.* at § 550.021(c)(1)(B); TEX. PENAL CODE ANN. § 12.34(b) (West 2011). We agree with the State for the following reasons.

When the Legislature enacted section 550.021(c) of the transportation code, it used some of the punishment structure in the penal code but created a new punishment.[3] The Legislature

---

[2] We reach the arguments and reasoning we reasonably discern in appellant's argument; any argument we were unable to understand was inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Green v. Kaposta*, 152 S.W.3d 839, 842 n.2 (Tex. App.—Dallas 2005, no pet.); *Stults v. State*, 23 S.W.3d 198, 205 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

[3] The penalties provisions for the offense in section 550.021(c)(1) and (2) of the transportation code are as follows:

(c) …. An offense under this section:

(1) involving an accident resulting in:

(A) death of a person is a felony of the second degree; or

provided in section 550.021(c)(1)(A) that second degree felony punishment would apply to violations of section 550.021(a) that resulted in death; provided in section 550.021(c)(1)(B) that third degree felony punishment would apply to violations of section 550.021(a) that resulted in serious bodily injury; and created a felony that does not fit into the punishment structure of Capital, First, Second, Third, and State Jail Felonies in sections 12.31 through 12.35 of the penal code[4] for violations of section 550.021(a) resulting in injury to which section 550.021(c)(1) does not apply. *See* TEX. TRANSP. CODE ANN. § 550.021(c). The Legislature provided in section 550.012(c)(2) that a transportation code felony would have a punishment of a maximum imprisonment in the Texas Department of Criminal Justice of five years and a maximum fine of $5,000. *See* TEX. TRANSP. CODE ANN. §§ 550.021(c)(2).

The judgment provides that appellant was convicted of a third degree felony. A third degree felony has a punishment range of imprisonment for two to ten years and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.34. The trial court sentenced appellant to imprisonment for five years and a fine of $10,000 both of which are within the statutory ranges. *See id*. As the fine imposed by the trial court does not exceed the statutory maximum, it is not an illegal fine.

---

> (B) serious bodily injury, as defined by Section 1.07, Penal Code, to a person is a felony of the third degree; and
>
> (2) involving an accident resulting in injury to which Subdivision (1) does not apply is punishable by:
>
> > (A) imprisonment in the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year;
> >
> > (B) a fine not to exceed $5,000; or
> >
> > (C) both the fine and the imprisonment or confinement.

TEX. TRANSP. CODE ANN. §§ 550.021(c)(1), (2).

[4] *See* TEX. PENAL CODE ANN. § 12.31-12.35 (West 2011 & West Supp. 2013).

The State's brief treats appellant's issue as challenging the sufficiency of the evidence supporting the trial court's determination that Christian suffered serious bodily injury as a result of appellant's conduct. We apply the appropriate legal sufficiency standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (U.S. 2012). In a legal sufficiency review, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Id.* We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

We described above the serious injuries sustained by Christian whom appellant struck with his Tahoe before he fled the scene of the accident. Christian was knocked unconscious; transported by ambulance to Baylor Hospital's emergency room; injured her head, suffered multiple fractures to her spine, and injured her elbow requiring stitches; was admitted to the hospital; and convalesced for two months before she returned to work. Two years later she testified at the punishment hearing that she still experienced episodes of pain that impaired her ability to lift heavy objects and prevented her from traveling for work and picking up her children. The State argues Christian's injuries constitute serious bodily injury. We have held that injuries such as Christian suffered constituted serious bodily injury. *See Sneed v. State*, 05-02-00757-CR, 2003 WL 681322, at *1, 3 (Tex. App.—Dallas Mar. 3, 2003, pet. ref'd) (not designated for publication) (female complainant was hit in the back, head slammed against a table, kicked when she fell to the floor, felt pain in her left eye, back, arms, and shoulders when

–7–

she was hit and doctors had to wait more than one week to perform surgery on her eye due to the swelling in her face and after surgery she still had numbness under her left eye and in the cheekbone area); *see also Castillo v. State*, 05-01-01725-CR, 2003 WL 42405, at \*1-2 (Tex. App.—Dallas Jan. 7, 2003, pet. ref'd) (not designated for publication) (complainant had part of left ring finger bitten off during an altercation); *Willis v. State*, 05-00-01378-CR, 2002 WL 1941563, at \*2 (Tex. App.—Dallas Aug. 23, 2002, pet. ref'd) (not designated for publication) (five-inch cut across the jugular vein, skin hung down three inches, loss of large amount of blood). To the extent that appellant's issue challenges the sufficiency of the evidence that Christian's injuries constituted serious bodily injuries, we agree with the State that appellant's conduct resulted in serious bodily injury to Christian. We overrule appellant's second issue.

## C. Costs

Appellant challenges the sufficiency of the evidence to support the trial court's cost assessment of $244 in court costs. Specifically, appellant asserts that the clerk's record does not contain a bill of costs as required by article 103.001 of the code of criminal procedure. The record before us does contain a bill of costs. Appellant's complaint has been addressed and rejected. *See Johnson v. State*, 423 S.W.3d 385, 391–94 (Tex. Crim. App. 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd). We overrule appellant's third issue.

## III. Conclusion

Having overruled all of appellant's issues, we affirm the judgment of the trial court.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
130369F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JAMES EDWARD GRUMBLES, Appellant

No. 05-13-00369-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F11-70745-Y.
Opinion delivered by Justice Evans.
Justices Fillmore and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of August, 2014.