**REVERSE and REMAND; Opinion Filed September 22, 2014.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-00068-CV

**ROBERT D. COLEMAN, Appellant**

**V.**

**REED W. PROSPERE, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-02288**

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

Robert D. Coleman appeals a take-nothing summary judgment in his lawsuit against his former criminal defense counsel, Reed W. Prospere. For the reasons stated below, we reverse the judgment of the trial court and remand the entire case for further proceedings.

### I. BACKGROUND

The following allegations are taken from appellant's live pleading.[1] On November 7, 2007, appellant entered into a written agreement for appellee to represent him in the retrial of a

---

[1] *See SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354–55 (Tex. 1995) (parties' pleadings control evidence and arguments which are properly considered in summary judgment decision); *Ely v. Gen. Motors Corp.*, 927 S.W.2d 774, 782 (Tex. App.—Texarkana 1996, writ denied) (explaining that pleadings "frame the issues involved in ruling upon the summary judgment motion").

pending criminal matter.[2]  According to appellant, in exchange for a flat fee of $25,000, appellee agreed to pursue the same strategy employed in the first trial.  Appellant alleged that after receiving the $25,000 fee, however, appellee urged him to accept a plea agreement.  Appellant further alleged that when he refused to accept a plea, appellee did not treat him properly and refused to pursue the defense strategy used in the first trial.  After appellant rejected the plea agreement and "demanded that [appellee] pursue the defense they originally agreed upon," appellee withdrew from the case before retrial over appellant's objection.  Appellee then refused appellant's written demand for reimbursement of the $25,000 fee.  Appellant's live pleading asserted claims for breach of contract for which he sought "costs he could have avoided had [appellee] performed as agreed," deceptive trade practices for which he sought "economic and emotional damage," and intentional infliction of emotional distress.  Appellant generally prayed for "economic, non-economic, and exemplary damages."[3]

In appellee's live answer, he generally denied appellant's claims and pleaded, "[Appellee] asserts that [appellant's] claims are false, and all fees collected from [appellant] were earned pursuant to the doctrine of quantum meruit."  Appellee moved for summary judgment in which he generally asserted there was no evidence of each of appellant's three causes of action.  In addition, appellee's motion contended, "[Appellee] did not engage in Breach of Contract and any failing of the contract was the result of conduct on the part of [appellant]."  Finally, appellee argued that under quantum meruit, he had earned in excess of the fees paid by appellant.  Appellant filed a written response to the motion that attached only a slightly different version of their contract without a supporting affidavit or any other evidence.  In his response,

---

[2] The parties agree appellee did not represent appellant in the first trial.  That trial ended in a mistrial after the jury was unable to agree on a verdict.

[3] Appellant does not make any conviction a basis of his claims against appellee.  *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 495–500 (Tex. 1995) (plurality op.).

appellant asserted he was entitled to reimbursement of the fees he paid appellee because the fee agreement did not comply with applicable law and was therefore unenforceable. He further argued that appellee's affidavit testimony regarding the legal work he performed on the case was conclusory and insufficient to support summary judgment. After a hearing, the trial court granted appellee's motion without stating its grounds for the ruling. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

We review a trial court's decision to grant or deny a motion for summary judgment de novo. *City of Lorena v. BMTP Holdings, L.P.*, 409 S.W.3d 634, 645 (Tex. 2013). When the trial court's order granting summary judgment does not specify the basis for the ruling, we will affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). We review the summary judgment record in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the movant. *City of Lorena*, 409 S.W.3d at 645.

No-evidence and traditional grounds for summary judgment may be combined in a single motion. *Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004). The substance of the motion and not its form or the attachment of evidence determines whether the motion is a no-evidence, traditional, or combined motion. *Id.* When a party files both a no-evidence and a traditional motion for summary judgment, we first consider the no-evidence motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

–3–

## B. No-Evidence Summary Judgment

Appellant's corrected brief is far from a model of clarity.[4] Rambling in argument and jumbling citations, case summaries, and discussion in a chaotic way, it is quite difficult to ascertain the complaints presented. Nevertheless, we have been instructed by the supreme court "to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to affect the purpose of a rule." *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997)). Even if appellant's assignments of error are multifarious, "we may consider a multifarious issue if we can determine, with reasonable certainty, the error about which complaint is made." *Rich v. Olah*, 274 S.W.3d 878, 885 (Tex. App.—Dallas 2008, no pet.) (citing *Green v. Kaposta*, 152 S.W.3d 839, 842 n.2 (Tex. App.—Dallas 2005, no pet.)). Appellant argues that "[appellee's] MSJ was a conclusory motion and a general no-evidence challenge to [appellant's] case. *Timpte* at 310: 'The motion must state the elements as to which there is no evidence.'"

A no-evidence motion for summary judgment must challenge specifically identified elements of a cause of action or defense on which the non-movant bears the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). "A no-evidence motion that only generally challenges the sufficiency of the non-movant's case

---

[4] Appellant's corrected brief has numerous codes throughout that appear to refer to indices citing to appendices containing arguments and authorities. We count almost sixty pages of additional argument in the appendices not including copies of various materials filed in the trial court, statutes, and cases. The brief alone is near the maximum word count, *see* TEX. R. APP. P. 9.4(i)(2)(B), although it lacks a compliant certification. *See id.* at 9.4(i)(3). We do not look outside appellant's brief for his arguments and ignore devices such as appellant has used to circumvent the briefing rules. *See* TEX. R. APP. P. 9.4; *Ritchie v. Rupe*, 339 S.W.3d 275, 284 n.11 (Tex. App.— Dallas 2011) (court ignored additional objections and arguments in twenty-six-page document in clerk's record incorporated by reference into brief which would circumvent briefing limitations), *rev'd on other grounds*, No. 11-0447, 2014 WL 2788335 (Tex. June 20, 2014); *Coca-Cola Co. v. Harmar Bottling Co.*, 111 S.W.3d 287, 297 n.3 (Tex. App.—Texarkana 2003) (court ignored arguments in extensive footnotes used to avoid briefing limits), *rev'd on other grounds*, 218 S.W.3d 671 (Tex. 2006).

–4–

and fails to state the specific elements that the movant contends lack supporting evidence is fundamentally defective and cannot support summary judgment as a matter of law." *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 284, 286–87 (Tex. App.—Dallas 2013, pet. filed) (en banc). To the extent appellee's argument can be construed to complain that appellant waived this argument by failing to raise it in the trial court, the complete failure of a no-evidence motion for summary judgment to challenge any element of a claim or defense renders the motion legally insufficient, which complaint may be raised for the first time on appeal. *Id*. (citing authorities).

Appellee's summary judgment motion generally asserts that appellant's claims for breach of contract, deceptive trade practices, and intentional infliction of emotional distress are not supported by any "credible evidence." Appellee's motion restates the name of each cause of action but fails to challenge or even mention a single element of any of these claims as to which there is no evidence. Accordingly, appellee's no-evidence grounds for summary judgment are legally insufficient to support the trial court's summary judgment. *See Timpte Indus., Inc.*, 286 S.W.3d at 310.

### C. Traditional Summary Judgment

In his sixth, seventh, and ninth issues, appellant challenges the legal sufficiency of the traditional grounds for summary judgment. The evidence attached to appellee's motion for summary judgment consisted of a copy of the parties' fee agreement, appellee's three-page affidavit, and a one and one-half-page affidavit of an expert on attorney's fees.

#### 1. Breach of Contract

Appellee's motion for summary judgment contained the argument that "[appellee] did not engage in Breach of Contract and any failing of the contract was the result of conduct on the part of [appellant]." Appellee merely named the cause of action asserted in appellant's pleading. In addition, appellee acknowledged in his motion that he withdrew from representing appellant on

September 8, 2008, before trial; that is, he did not comply with the contractual term of representing appellant through the retrial. None of appellee's summary judgment evidence disputes appellant's allegations that appellee withdrew as appellant's counsel before the matter went to retrial or that he refused to return the $25,000 fee. We, therefore, construe appellee's traditional summary judgment argument as asserting that the evidence attached conclusively demonstrated that the reason appellee is not liable for appellant's "Breach of Contract" claim is because any breach ("contract failure") was caused by some act of appellant; that is, appellee's withdrawal from representing appellant through trial was excused by appellant's conduct.

In support of his summary judgment argument, appellee's affidavit stated that based on changes in appellant's position that came to light after a polygraph examination, "certain avenues were no longer available to be pursued in his defense." The affidavit then added, "To have pursued certain avenues following [appellant's] revelations would have required me to engage in suborning perjury." Appellee's affidavit further stated that appellant "would not accept sound legal advice and would not listen to reason in his case."

Appellant argues there was a "lack of any evidence of alleged perjury" because "(1) [appellant] did not testify at his first trial and was not going to testify at any retrial; (2) There is no evidence that [appellant] committed perjury; (3) [appellant] did not tell his lawyer that he intended to commit perjury if and when he testified at retrial." On the next page of his brief, appellant argues, "In the traditional version of [appellee's] motion for summary judgment, he has not proved his affirmative defense as a matter of law." Appellant also asserts, "[appellee's] summary judgment motion materials provide no evidence of any specific element of any cause of action in [appellant's] pleadings and motions[,]" citing authority. *See Skiles v. Jack in the Box, Inc.*, 170 S.W.3d 173, 184 (Tex. App.—Dallas 2005) (movant in the traditional summary judgment context has burden to either (1) conclusively negate at least one of the

–6–

essential elements of a plaintiff's cause of action, or (2) conclusively establish each element of a defendant's affirmative defense), *rev'd on other grounds*, 221 S.W.3d 566 (Tex. 2007). We understand appellant to argue there was no proof in appellee's affidavit that perjury at the retrial would occur so there was no proof of appellant's conduct that would support appellee's affirmative defense of excuse of performance. Appellant's argument goes to the legal sufficiency of appellee's proof. To the extent certain statements in appellee's brief assert that appellant waived this argument by failing to raise it in the trial court, challenges to the legal sufficiency of the summary judgment movant's evidence may be raised for the first time on appeal. *See Cimarron Hydrocarbons Corp. v. Carpenter*, 143 S.W.3d 560, 563 (Tex. App.—Dallas 2004, pet. denied) (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)).

Appellee's affidavit does not provide evidence that perjury would occur or be suborned, and does not show how performance of the contract would have been affected by appellee's stated concern about suborning perjury.[5] *See City of Lorena*, 409 S.W.3d at 645 (court must indulge every reasonable inference and resolve any doubts *against* the movant). Appellant is correct, therefore, that appellee's evidence was insufficient to establish appellee's defense of excuse. *See Skiles*, 170 S.W.3d at 184. Accordingly, the trial court's summary judgment on the breach of contract claim was improper on the traditional ground raised in the motion.

---

[5] We do not conclude that appellee was required to disclose the content of appellant's statements in order to obtain summary judgment, but appellee had the burden on summary judgment to provide facts in his affidavit connecting his concerns about suborning perjury, his performance of the contract, and his withdrawal from representation.

## 2. Quantum Meruit

In appellant's ninth issue, he challenges the quantum meruit ground for summary judgment.[6] Appellant argues with citations to authorities that quantum meruit is an equitable theory of recovery and that the trial court should have denied the quantum meruit theory because there was a contract. Appellee responds that appellant waived this argument because appellant "did not object [in the trial court] to the *theory* of quantum meruit in response to the Summary Judgment motion." (Emphasis added). As with appellant's other arguments, this challenge goes to the legal sufficiency of appellee's motion for summary judgment. *See Cimarron Hydrocarbons Corp.*, 143 S.W.3d at 563. That is, appellant argues the summary judgment evidence is legally insufficient to support judgment on the quantum meruit ground because appellee's evidence included an express contract but quantum meruit is dependent on the non-existence of a contract. *See N.E. Indep. Sch. Dist. v. Kelley*, 277 S.W.3d 442, 445 (Tex. App.—San Antonio 2008, no pet.) (existence of quantum meruit claim "hinges on the non-existence of his breach of contract claim"); *Scharer v. John's Cars, Inc.*, 776 S.W.2d 228, 231 (Tex. App.—El Paso 1989, writ denied) ("Breach of contract and quantum meruit theories are mutually exclusive; one rules out the other."); *see also Celmer v. McGarry*, 412 S.W.3d 691, 709 (Tex. App.—Dallas 2013, pet. denied). Because the summary judgment record contains evidence of an express contract between the parties, summary judgment based on quantum meruit was improper. We sustain appellant's ninth issue without reaching the remainder of appellant's arguments under this issue.

---

[6] The parties dispute whether appellee's quantum meruit theory functions in this case as a counterclaim or affirmative defense. It is not necessary to our disposition of this issue to decide whether quantum meruit can be a defense and whether it was a counterclaim or defense in this case, so we do not decide those issues.

## III. Conclusion

We reverse the summary judgment of the trial court as to each of appellant's claims.  We remand the case for further proceedings.


/David Evans/
DAVID EVANS
JUSTICE

FitzGerald, J., dissenting


130068F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT D. COLEMAN, Appellant

No. 05-13-00068-CV        V.

REED W. PROSPERE, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-02288.
Opinion delivered by Justice Evans,
Justices FitzGerald and Fillmore
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Robert D. Coleman recover his costs of this appeal from appellee Reed W. Prospere.

Judgment entered this 22nd day of September, 2014.