**Affirm; Opinion Filed January 3, 2020**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00631-CV**

**GUSTAVO TORRES, Appellant**
**V.**
**ANGEL LEE, INDIVIDUALLY AND D/B/A ANGEL CONSTRUCTION AND/OR 1004
CONSTRUCTION, 1004 CONSTRUCTION, INC., MI K. HAN-SON,
MIKE K. HANSON AND HEIU S. LEE, Appellees**

**On Appeal from the 416th Judicial District Court
Collin County, Texas
Trial Court Cause No. 416-02662-2017**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Pedersen, III

Appellant Gustavo Torres appeals the trial court's order granting the appellees' motion for

summary judgment. Torres raises two issues on appeal. He contends that the trial court abused its

discretion by failing to grant his motion to strike or withdraw deemed admissions. He also contends

the trial court erred by granting summary judgment based on the deemed admissions. We affirm.

### I.  Background

Angel Lee and 1004 Construction, Inc. hired Torres to cut a wooden counter so it could be

removed from the Q Car Wash in Plano, Texas. Torres was injured while using an electric grinder

with an attached circular wood saw blade. He filed suit against 1004 Construction, Inc., asserting

claims for negligence and premises liability. He subsequently filed a second amended petition,

adding Angel Lee, Angel Lee d/b/a Angel Construction and/or 1004 Construction, Mi K. Han-Son, and Heui S. Lee as defendants, and asserting claims for negligence and premises liability against all of the defendants. Defendants 1004 Construction, Inc., Heui S. Lee a/k/a Angel Lee, and Mi K. Han-Son filed their answer denying the allegations in Torres's petition.

On July 24, 2017, defendants served their first set of written discovery on Torres, including requests for disclosures, interrogatories, requests for production, and requests for admissions.[1] Torres promptly responded to defendants' request for disclosures, but he failed to respond to any of the other discovery requests by the August 23, 2017 deadline. On September 11, 2017, defendants filed a motion to compel written discovery, and they later served Torres's counsel with notice of hearing on their motion to compel. On September 22, 2017, Torres served incomplete responses to defendants' requests for production and interrogatories and late responses to defendants' requests for admissions (thirty days late).

On September 25, 2017, the trial court conducted a hearing on defendants' motion to compel. Torres and his counsel did not attend the hearing. During the hearing, the trial court found that defendants' discovery requests, including the requests for admissions, were served by e-filing on Torres's attorney on July 24, 2017; the court also determined that Torres's attorney opened the e-filed discovery requests the same day they were served.[2] The trial court granted defendants' motion to compel, and signed an order compelling Torres to respond to the defendant's unanswered requests within fourteen days. The trial court further ordered that all of defendants' requests for admissions were deemed admitted. Defense counsel provided a copy of this order to Torres's attorney. Although Torres did not provide his discovery responses within fourteen days

---

[1] The discovery dates and deadlines discussed in this opinion may be found in the record on appeal and are, for the most part, undisputed by the parties. *See* Plaintiffs' Motion to Strike or Withdraw Deemed Admissions, filed April 24, 2018; Defendants' Response in Opposition to Plaintiff's Motion to Withdraw Deemed Admissions, filed April 24, 2018.

[2] The record on appeal contains the reporter's record of the September 25, 2017 hearing on defendants' Motion to Compel.

as ordered by the trial court, he ultimately provided supplemental responses to defendants' interrogatories and requests for production.

After no activity for five months, the trial court set the case on the dismissal docket, called the case, and received no answer from the parties. Accordingly, on March 1, 2018, the trial court dismissed the case for want of prosecution. Torres filed a verified motion to reinstate, arguing that the parties had engaged in discovery and should be allowed to continue the case to trial. On March 22, 2018, the trial court granted Torres's motion and ordered that the case be reinstated.

On April 5, 2018, defendants filed traditional and no-evidence motions for summary judgment based on the pleadings of the parties, Torres's deemed admissions, and the trial court's order granting defendants' motion to compel plaintiff's responses to discovery. A hearing on defendants' motions for summary judgment was scheduled for April 30, 2018.

On April 24, 2018, Torres filed a response to defendants' motions for summary judgment with attached evidence consisting of Torres's affidavit and Torres's responses to defendants' requests for admissions. He also filed "Plaintiffs' Motion to Strike or Withdraw Deemed Admissions and to Set Aside the Portion of the September 25, 2017 Court Order Ordering that Defendant's Requests for Admissions to Plaintiffs Are Deemed Admitted and Motion for Leave to Late Serve His Responses to Defendants' Requests for Admissions" (motion to strike). Torres asserted that "his failure to timely respond to Defendant's requests for admissions was an accident or mistake, not intentional or the result of conscious disregard," and "the same is true with regards to his failure to appear at the hearing on Defendant's motion to compel."

Defendants filed an objection to Torres's summary judgment response and evidence. They complained that Torres filed his summary judgment response late—it was due on April 23, 2018. They objected to Torres's affidavit to the extent that his statements contradicted his deemed admissions, and they objected to specific portions of Torres's affidavit on the basis that the

paragraphs contained opinion testimony from an undesignated expert. Defendants also filed a response in opposition to Torres's motion to strike, asserting that Torres had not demonstrated good cause for allowing the withdrawal of the deemed admissions and that defendants would be unduly prejudiced if the deemed admissions were withdrawn at such a late date.

After a hearing, the trial court granted defendants' traditional and no evidence motion for summary judgment. Torres timely filed his notice of appeal.

## II. Withdrawal of Deemed Admissions

### A. Standard of Review

In his first issue, Torres asserts that the trial court abused its discretion by failing to grant his motion to strike. A trial court has broad discretion to permit or deny the withdrawal of deemed admissions. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam); *see also Marino v. King*, 355 S.W.3d 629, 633 (Tex. 2011) (per curiam). An appellate court should set aside a trial court's ruling only if, after reviewing the entire record, it is clear that the trial court abused its discretion. *Tommy Gio, Inc. v. Dunlop*, 348 S.W.3d 503, 509 (Tex. App.—Dallas 2011, pet. denied). A trial court abuses its discretion if it acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. *See Marino*, 355 S.W.3d at 633 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

### B. Applicable Law

Requests for admission are intended to simplify trials. Requests for admission are "written requests that the other party admit the truth of any matter within the scope of discovery, including statements of opinion or of fact or of the application of law to fact." TEX. R. CIV. P. 198.1. "If a response is not timely served, the request is considered admitted without the necessity of a court order." TEX. R. CIV. P. 198.2(c); *see also Marino*, 355 S.W.3d at 633. An admitted matter is "conclusively established as to the party making the admission unless the court permits the party

to withdraw or amend the admission." TEX. R. CIV. P. 198.3. A trial court has discretion to permit a party to withdraw an admission if: (a) the party shows good cause for the withdrawal; (b) the court finds that the other party will not be unduly prejudiced; and (c) presentation of the lawsuit's merits is served by the withdrawal. *Id.*; *see also Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 664 (Tex. App.—San Antonio 2014, pet. denied).

## C. Preservation of Error

Appellees contend that Torres failed to obtain a ruling on his motion to strike and thus failed to properly preserve this issue for appeal. To preserve error for appeal, the record must show that: (1) the complaint was made to the trial court by a timely motion stating the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint, and (2) the trial court ruled on the motion, either expressly or implicitly, or refused to rule, and the complaining party objected to the refusal. TEX. R. APP. P. 33.1(a). Here, there is nothing in the record to indicate that Torres requested a hearing on his motion, or that the trial court ruled on his motion. There is no written order, there is no mention of Torres's motion to strike in the trial court's written order granting defendants' summary judgment motions, and there is no reporter's record of either a hearing on Torres's motion to strike or the hearing on defendants' motions for summary judgment. "Failure to obtain a ruling on the motion for leave to file late responses precludes complaint of the action of the trial court in deeming the requests for admission admitted." *Laycox v. Jaroma, Inc.*, 709 S.W.2d 2, 3 (Tex. App.—Corpus Christi–Edinburg 1986, writ ref'd n.r.e.); *see also Herrin v. Little*, No. 01-88-00048-CV, 1988 WL 124507, at *1 (Tex. App.— Houston [1st Dist.] Nov. 17, 1988, no writ) (mem. op.) (requests for admissions deemed admitted because appellant failed to answer within 30 days and failed to get a ruling on his request for extension).

Appellees contend, in the alternative, that even if we assume that the trial court implicitly ruled on Torres's motion to strike by granting the defendants' motions for summary judgment, Torres failed to meet his burden to have the deemed admissions withdrawn.

## D. Good Cause

Torres argues that the trial court should have allowed him to withdraw the deemed admissions because he demonstrated good cause for the withdrawal. A party establishes "good cause" by showing that the failure to timely respond to the requests for admissions was an accident or mistake, not intentional or the result of conscious indifference. *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (per curiam). Even a slight excuse for the failure will suffice, especially when delay or prejudice to the opposing party does not result from the withdrawal. *Ramirez v. Noble Energy, Inc.*, 521 S.W.3d 851, 856 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

In his motion to strike, Torres asserted that his attorney's failure to timely answer and respond to defendants' discovery requests was due to mistake or accident; he also asserted it was not intentional or the result of conscious indifference. He explained that his responses were late because the filing department in his attorney's office did not properly route the requests to the paralegal who was supposed to prepare the responses. And he also claimed that his failure to timely respond was an oversight because his attorney failed to see that the overdue requests for discovery included admissions requests. Although none of Torres's excuses are particularly compelling, we are mindful that even a slight excuse for the failure will suffice. *Id*. However, the record reveals that Torres and his attorney did not promptly seek to withdraw the admissions once the deemed admissions were brought to their attention. *See Behzad–Noori v. Gilliam*, No. 02-02-265-CV, 2003 WL 851566, at *1 (Tex. App.—Fort Worth Mar. 6, 2003, pet. denied) (mem. op.) ("[T]he failure to expediently move to withdraw deemed admissions may vitiate good cause existing for a failure to timely answer requests for admission.").

Because Torres failed to respond to the defendants' requests for admissions within 30 days, the requests were considered admitted without the necessity of a court order. *See* TEX. R. CIV. P. 198.2(c). Torres then served his responses to the requests for admissions, albeit thirty days late, and did not file a motion to withdraw the deemed admissions. After the hearing on defendants' motion to compel, the trial court signed an order stating, among other things, "IT IS FURTHER ORDERED that all Requests for Admissions are hereby deemed <u>ADMITTED</u>." The trial court's order as to the deemed admissions clearly brought the admissions to the attention of Torres and his attorney. Upon receipt of the trial court's order, Torres could have promptly filed a motion to withdraw admissions. Instead, he waited to file his motion to strike until the defendants filed their motion for summary judgment—over six months later and just two weeks before the scheduled trial date. *See Darr v. Altman*, 20 S.W.3d 802, 808 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (no good cause for withdrawal where party waited three months to move to withdraw admissions after learning of existence of unanswered requests). Given Torres's failure to expediently move to withdraw the deemed admissions, the trial court could have concluded that Torres failed to meet his burden of demonstrating good cause for the withdrawal of the deemed admissions.

### E. Undue Prejudice

Torres also argued that the defendants would not be unduly prejudiced if the trial court allowed the withdrawal of his deemed admissions. "Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it." *Wheeler*, 157 S.W.3d at 443. Torres provided his responses to defendants' requests for admissions on September 22, 2017. He argues that defendants had his responses for a substantial period of time, long before the trial setting of May 18, 2018, and therefore, were not hampered in their preparation for a trial on the merits.

Notwithstanding the fact that Torres provided his responses on September 22, 2017, the trial court signed an order, dated September 25, 2017, that ordered that the admissions were deemed admitted. Although a copy of this order was provided to Torres's counsel, he did not immediately seek to withdraw the deemed admissions. The case was dismissed for want of prosecution, and reinstated on Torres's motion. However, Torres still took no action with respect to the deemed admissions. Over six months later and just two weeks before the scheduled trial date, the defendants filed their motions for summary judgment based on the pleadings, Torres's deemed admissions, and the trial court's order with respect to the admissions. Defendants' motions finally motivated Torres to file his motion to strike. The trial court could have concluded that under the specific circumstances of this case, Torres failed to meet his burden of establishing that the defendants were not unduly prejudiced by his delays.

## F. Merits-Preclusive Admissions

On appeal, Torres presents extensive argument that the trial court was required to allow the withdrawal of the deemed admissions because defendants' requests for admission were merits-preclusive. "Good cause also exists when due process concerns are implicated by deemed admissions that act as a merits-preclusive discovery sanction, absent bad faith or callous disregard on the part of the party requesting withdrawal." *Time Warner*, 441 S.W.3d at 665 (citing *Marino*, 355 S.W.3d at 634). When deemed admissions are merits-preclusive, the trial court is required to allow their withdrawal unless the party requesting withdrawal acted with "flagrant bad faith or callous disregard of the rules." *Wheeler*, 157 S.W.3d at 443. "Bad faith is not simply bad judgment or negligence, but the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose." *Time Warner*, 441 S.W.3d at 666 (quoting *Armstrong v. Collin Cty. Bail Bond Bd.*, 233 S.W.3d 57, 63 (Tex. App.—Dallas 2007, no pet.)). "A determination of bad faith or callous disregard for the rules has been reserved for cases in which the evidence shows that a party is

mindful of pending deadlines and nonetheless either consciously or flagrantly fails to comply with the rules." *In re TT-Fountains of Tomball, Ltd.*, No. 01-15-00817-CV, 2016 WL 3965117, at *12 (Tex. App.—Houston [1st Dist.] July 21, 2016, orig. proceeding) (mem. op.); *see also In re Adams*, No. 05-15-00536-CV, 2015 WL 2195091, at *1 (Tex. App.—Dallas May 8, 2015, orig. proceeding) (mem. op.) (holding that "trial court could have reasonably concluded that relator's repeated failure to respond in a timely fashion to the requests for admission was intentional or the result of conscious indifference" after relator had twice failed to respond timely to requests).

Torres did not present his merits-preclusive argument with the same degree of specificity to the trial court. The only suggestion that Torres was complaining that the deemed admissions might be merits-preclusive is found in the last two sentences of section III of Torres's motion to strike. Torres first asserted that he had not acted in flagrant bad faith or callous disregard for the rules. He then stated, "Lastly, striking or withdrawing the deemed admissions against Plaintiffs will ensure that the case will be tried on the merits against Defendants." As previously noted, the record does not contain a written order or any indication that the trial court ruled on Torres's motion to strike so we cannot ascertain whether the trial court understood that these statements were to be interpreted as Torres's merits-preclusive objection. *See* TEX. R. APP. P. 33.1(a)(1)(A). And again, as previously noted, there is nothing in the record to indicate that the trial court ruled on such an objection.

Ordinarily, the burden of showing good cause and no undue prejudice lies with the party seeking withdrawal of the deemed admissions. *Cleveland v. Taylor*, 397 S.W.3d 683, 694 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Boulet v. State*, 189 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2006, no pet.). However, when due process concerns are implicated, the Texas Supreme Court has stated that the burden lies with the summary judgment movant. *Marino*, 355 S.W.3d at 634. "Using deemed admissions as the basis for summary judgment therefore does not

avoid the requirement of flagrant bad faith or callous disregard, the showing necessary to support a merits-preclusive sanction; it merely incorporates the requirement as an element of the movant's summary judgment burden." *Id.*

The record does not contain evidence establishing that Torres acted with flagrant bad faith. However, based on the facts of this case, the trial court could have reasonably concluded that Torres and his attorney exhibited a callous disregard of the rules of procedure. *See In re TT-Fountains*, 2016 WL 3965117, at *12. After reviewing the entire record, it is not clear that the trial court abused its discretion by failing to grant Torres's motion to strike. *See Marino*, 355 S.W.3d at 633; *Tommy Gio*, 348 S.W.3d at 509. Accordingly, we decline to set aside the trial court's ruling. We overrule Torres's first issue.

## III. Summary Judgment

### A. Standard of Review

In his second issue, Torres urges that the trial court erred by granting the appellees' motion for summary judgment. We review the trial court's grant of summary judgment de novo. *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (per curiam). We review the summary judgment evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311–12 (Tex. 2014) (per curiam). When, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, we must affirm summary judgment if any of the grounds advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

No-evidence and traditional grounds for summary judgment may be combined in a single motion. *Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004); *Coleman v. Prospere*, 510 S.W.3d

516, 518 (Tex. App.—Dallas 2014, no pet.). When a party moves for summary judgment on both traditional and no-evidence grounds, we first consider the no-evidence motion. *Merriman v. XTO Energy, Inc*., 407 S.W.3d 244, 248 (Tex. 2013); *Mims-Brown v. Brown*, 428 S.W.3d 366, 371 (Tex. App.—Dallas 2014, no pet.).

In a no-evidence motion for summary judgment, the movant contends there is no evidence to support one or more essential elements of a claim on which the non-movant has the burden of proof at trial. TEX. R. CIV. P. 166a(i). The burden then shifts to the non-movant to produce evidence that raises a genuine issue of material fact on each challenged element. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). "We review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). A no-evidence motion for summary judgment must be granted if the non-movant fails to bring forward "more than a scintilla of probative evidence" as to an essential element for which the movant contends no evidence exists. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

## B. Untimely Response

Here, defendants filed their traditional and no-evidence motion for summary judgment on April 5, 2018, and a hearing was scheduled for April 30, 2018. Torres did not file a timely response to defendants' motion for summary judgment—he filed his response, together with his own affidavit and his responses to the defendants' requests for admissions, one day late on April 24, 2018. *See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). To file a response less than seven days before the summary judgment hearing, the non-movant must file a motion for leave to file a late summary judgment response that establishes good cause and no undue prejudice. *Wheeler*, 157 S.W.3d at 442. There is nothing in the record to show that

Torres filed a motion or sought leave of the court to file a late response or to file late summary judgment evidence.

As the rule makes clear, the court has discretion to accept a late-filed response or evidence. However, if the response is late, the record must contain an affirmative indication that the trial court granted leave to file a late response. *See INA of Texas v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985) (where nothing appears in the record to indicate that late filing of summary judgment response was with leave of court, it is presumed that the trial court did not consider the response); *see also K-Six Television, Inc. v. Santiago*, 75 S.W.3d 91, 96 (Tex. App.—San Antonio 2002, no pet.) (noting that, if summary-judgment response is filed late, "[t]he record must contain an affirmative indication that the trial court permitted the late filing of a response or the response is a nullity"). In this case, there is nothing in the record to indicate that the trial court granted Torres leave to file a late response to defendants' motions for summary judgment.

The same holds true for summary judgment evidence. If the record does not contain an order granting the non-movant leave to file late summary judgment evidence, the evidence will not be considered as being before the trial court when it ruled on the motion for summary judgment. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) ("Summary judgment evidence may be filed late, but only with leave of court."); *Mathis v. RKL Design/Build*, 189 S.W.3d 839, 842–43 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (summary judgment evidence filed late not considered as being before the court if record does not contain order granting leave to file). In this case, there is nothing in the record to indicate that the trial court granted Torres leave to file his summary judgment evidence late.

Because there is nothing in the record to indicate that the trial court granted Torres leave to late file his summary judgment response and evidence, we presume that the trial court did not consider his response or his evidence. *See Benchmark Bank*, 919 S.W.2d at 663; *Bryant*, 686

S.W.2d at 615. As a result, Torres failed to bring forward "more than a scintilla of probative evidence" as to an essential element for which the defendants contend no evidence exists. *See Smith*, 288 S.W.3d at 424. We conclude that the trial court did not err by granting the defendants' no-evidence motion for summary judgment on Torres's premises liability and negligence claims. *See* TEX. R. CIV. P. 166a(i). Because Torres failed to produce legally sufficient evidence to meet his burden as to the no-evidence motion, there is no need to analyze whether Torres satisfied his burden under the traditional motion. *See Merriman*, 407 S.W.3d at 248. We overrule Torres's second issue.

## IV. Conclusion

Having resolved both of Torres's issues against him, we affirm the trial court's judgment.

/Bill Pedersen, III//
BILL PEDERSEN. III
JUSTICE

180631f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GUSTAVO TORRES, Appellant

No. 05-18-00631-CV      V.

ANGEL LEE, INDIVIDUALLY AND
D/B/A ANGEL CONSTRUCTION
AND/OR 1004 CONSTRUCTION, 1004
CONSTRUCTION, INC., MI K. HAN-
SON, MIKE K. HANSON AND HEIU S.
LEE, Appellees

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-02662-2017.
Opinion delivered by Justice Pedersen, III.
Justices Reichek and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees ANGEL LEE, INDIVIDUALLY AND D/B/A ANGEL
CONSTRUCTION AND/OR 1004 CONSTRUCTION, 1004 CONSTRUCTION, INC., MI K.
HAN-SON, MIKE K. HANSON AND HEIU S. LEE recover their costs of this appeal from
appellant GUSTAVO TORRES.


Judgment entered this 3rd day of January, 2020.