**AFFIRMED and Opinion Filed January 4, 2023**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

## No. 05-21-00148-CV

## EMERGENCY STAFFING SOLUTIONS, INC., Appellant
## V.
## KEVYN HARVEY, HEATHER JAMES, AND CONCORD MEDICAL MANAGEMENT, LLC, Appellee

### On Appeal from the 471st Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 471-01515-2017

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Goldstein

Emergency Staffing Solutions, Inc., (ESS) appeals the trial court's order granting Kevyn Harvey, Heather James, and Concord Medical Management, LLC's traditional and no-evidence motion for summary judgment. In eight issues, ESS argues the trial court erred in striking ESS's third amended petition; overruling ESS's objections and special exceptions to appellees' motion for summary judgment; granting appellees' motion for summary judgment as to ESS's claims for breach of contract, misappropriation of trade secrets, tortious interference with existing contracts, and breach of fiduciary duty; and dismissing ESS's tortious

interference with existing and prospective business contracts claim. In three issues, cross-appellants Harvey and James assert the trial court erred in granting ESS's motion for summary judgment on their declaratory judgment claims, the underlying employment agreement was "an otherwise enforceable agreement," and the non-competition provision of the agreement contained unreasonable limitations and restrictions. We affirm the trial court's judgment.[1]

## BACKGROUND

In March 2017, ESS, a hospital staffing company, filed its original petition alleging that Harvey and James, two former ESS employees, breached their non-competition agreements and competed unfairly with ESS by going to work for a direct competitor, Concord, and contacting ESS's customers and employees using ESS's confidential information. The petition alleged appellees' misconduct "caused damage to ESS's confidential information, goodwill, business reputation, and customer, physician, and employment relationships." Appellees filed an answer asserting a general denial and arguing that the covenant not to compete was unenforceable and ESS's alleged trade secrets did not constitute actual trade secrets.

---

[1] We note that certain summary judgment evidence is purportedly filed under seal pursuant to confidentiality and protective orders and designated as confidential. Without full compliance with Rule 76a of the Texas Rules of Civil Procedure, no document may be filed under seal. Confidentiality and protective orders are purely agreements between parties to identify and facilitate the exchange of confidential information subject to discovery but has no bearing on, or authority to, seal records, either in the trial court or on appeal. No clerk record was submitted under seal and therefore no action is required by this Court.

In May 2017, Harvey and James filed a counterclaim for declaratory judgment asserting the non-competition agreement between the parties was unenforceable.

In March 2019, appellees filed their traditional and no-evidence motion for summary judgment. Among other things, the motion asserted ESS "made no showing of damages *at all*." Specifically, appellees claimed ESS had "not put forth evidence that it suffered any damages to the company's goodwill, business reputation, and customer, physician, and employment relationships."

In September 2020, ESS filed a traditional motion for summary judgment on Harvey and James' claim for declaratory judgment. ESS argued Harvey and James' declaratory judgment action mirrored ESS's claim for breach of contract and was therefore improper. Specifically, ESS asserted Harvey and James' declaratory judgment action failed as a matter of law because declaratory judgment is not available when the same issues will be resolved through another cause of action.

In October 2020, ESS filed its response to appellees' motion for summary judgment. ESS reiterated its allegations that Harvey, a former ESS employee, left ESS to join a competitor, Concord, and Harvey and Concord then solicited James to leave ESS and join Concord. ESS alleged James provided confidential information to Concord while still employed at ESS, and both James and Harvey stored information for physicians and hospital representatives on their personal cell phones.

Incorporated into the response were special exceptions complaining that appellees' "hybrid motion" for summary judgment containing both traditional and

no-evidence grounds did not clearly set forth the standards on which they sought summary judgment. Specifically, ESS argued appellees failed to meet the specificity requirements in moving for summary judgment on ESS's claims for breach of contract, misappropriation of trade secrets, tortious interference with existing contracts, and breach of fiduciary duty. Alternatively, ESS complained that appellees failed to assert the specific elements of these claims for which there was no evidence. ESS also objected to appellees' "general assertions that ESS has failed to prove its claim because general assertions are not proper summary judgment evidence."

In addition to these objections, ESS argued appellees were not entitled to summary judgment on ESS's claims because, among other things, a fact issue existed as to ESS's damages associated with each of its claims, and ESS produced sufficient evidence of damages to defeat no-evidence summary judgment as to each of its claims. Specifically as to damages for Harvey and James' alleged breach of contract, ESS cited the affidavit of Shonda Rupe, ESS's COO, as establishing ESS incurs significant expense in creating physician lists, maintaining relationships with physicians and hospitals, and recruiting new physicians; each time Harvey and James disclosed ESS's confidential information, the value of that information was greatly diminished; physicians or hospitals wishing to end their relationship with ESS normally paid a fee between $25,000 and $50,000 "to allow the buy-out of restrictive covenants that ESS has with the physician and/or hospital"; and this fee

was "a reasonable amount to place ESS back in a position it would have been it [sic] had the breaches never occurred." Rupe's affidavit refers to the $25,000 to $50,000 fee as a "placement fee" or "restrictive covenant buy-out fee" that is "routinely included in contracts with physicians and hospital clients to ensure compensation for the efforts to recruit, retain and develop confidential information related to a physician later retained and placed by a competitor." Regarding the misappropriation claim, ESS cited section 134A.004(a) of the civil practice and remedies code for the proposition that, "[i]n lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret." Again, relying on Rupe's affidavit, ESS argued the $25,000 to $50,000 fee was "a reasonable royalty for each misappropriation in this case," and the jury should be allowed to decide the proper amount of ESS's royalty. As to damages for tortious interference, ESS reiterates the $25,000 to $50,000 fee would "place ESS back in a position it would have been it [sic] had the breach never occurred." Regarding its breach of fiduciary duty claim, ESS did not directly address the damages issue; instead, ESS renewed its argument that appellees did not "specifically list out what elements of the cause [had] no evidence."

On October 28, 2020, the day before the hearing on appellee's motion for summary judgment, ESS filed its third amended petition implying that it was only nominally harmed by appellees' actions by seeking the recovery of nominal

damages.  That same day, appellees filed an objection and motion to strike the third amended petition on the grounds that it was filed untimely pursuant to the terms of the trial court's September 17, 2020 scheduling order providing that the time for "Pleadings asserting a new claim(s) for affirmative relief" had "CLOSED." Appellees also argued that the third amended petition was untimely under rule of civil procedure 63 "designed to prevent the filing of last-minute amended petitions."

On December 7, 2020, following a hearing, the trial court signed an order striking ESS's third amended petition and granting appellees' traditional and no-evidence motion for summary judgment.  The same day, the trial court signed an order granting ESS's traditional motion for summary judgment and dismissing with prejudice Harvey and James' declaratory judgment action.  ESS filed a notice of appeal from the trial court's order granting appellees' motion for summary judgment, and Harvey and James filed a cross-notice of appeal from the trial court's order granting ESS's motion for summary judgment.

## ANALYSIS:

### ISSUE ONE – STRIKING THIRD AMENDED PETITION

In its first issue, ESS argues the trial court abused its discretion in striking its third amended petition.

Generally, a party may amend its pleadings at any time prior to seven days before trial unless the amended pleadings operate as a surprise to the opposing party. TEX. R. CIV. P. 63.  A trial court has no discretion to refuse the amendment unless

–6–

(1) the opposing party presents evidence of surprise or prejudice or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *State Bar v. Kilpatrick*, 874 S.W.2d 656, 658 (Tex. 1994); *Gunn v. Fuqua*, 397 S.W.3d 358, 377 (Tex. App.—Dallas 2013, pet. denied).

The deadline for filing an amended petition imposed by rule 63 may be altered by the trial court in a scheduling order issued pursuant to rule 166. TEX. R. CIV. P. 63. A party may seek leave of court to amend its pleadings after the deadline imposed by a scheduling order entered pursuant to rule 166. *Id.* We review a trial court's enforcement of a scheduling order for an abuse of discretion. *Gunn*, 397 S.W.3d at 377; *see also Hardin v. Hardin*, 597 S.W.2d 347, 349–50 (Tex. 1980). An abuse of discretion occurs when the trial court acts in an unreasonable and arbitrary manner, or when it acts without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

When amendments which introduce a new substantive matter have been refused by the trial court under rule 63, the burden of showing an abuse of discretion is on the complaining party, rather than on the opposite party to show surprise. *Hardin*, 597 S.W.2d at 349. On appeal, the trial court's ruling will not be disturbed unless the complaining party clearly shows an abuse of discretion. *Id.*

Here, despite this case proceeding over a course of years since it was initiated by ESS in March 2017, ESS waited until the day before a hearing was set on

appellees' motion for summary judgment to file a third amended petition adding new claims for nominal damages. The record contains a September 16, 2020, joint motion filed by ESS and appellees requesting that the trial court enter a scheduling order providing that the deadline for "Pleadings asserting a new claim(s) for affirmative relief" was "CLOSED." As requested, the trial court signed the scheduling order on September 17, 2020. Thus, when ESS filed its third amended pleading asserting a new claim on October 28, 2020, the deadline for doing so was closed pursuant to the scheduling order ESS itself requested. Under these circumstances, we conclude ESS has not shown that the trial court clearly abused its discretion in striking its third amended petition as untimely. *See id.* We overrule ESS's first issue.

## SUMMARY JUDGMENT STANDARD

In its second and third issues, ESS argues, as it did below, that appellees' combined motion for summary judgment failed to delineate between a traditional and a no evidence summary judgment and failed to identify which elements of ESS's claims lacked evidence under a no-evidence standard. Therefore, ESS contends, the trial court erred in overruling ESS's objections and special exceptions. In its fourth, fifth, sixth, and seventh issues, ESS complains the trial court erred in granting appellees' motion for summary judgment as to its claims for breach of contract, misappropriation of trade secrets, tortious interference with existing contracts, and

breach of fiduciary duty. Because of the interrelated nature of ESS's arguments, we address them together.

The standard for reviewing a traditional summary judgment is well established. *See McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825 (Tex. App.—Dallas 2010, no pet.). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant, and any doubts resolved against the motion. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

Rule 166a(i) provides that a party "may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX. R. CIV. P. 166a(i); *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *See Flood*, 294 S.W.3d at 762. When analyzing a no-evidence summary judgment, "we

examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam) (quoting *City of Keller*, 168 S.W.3d at 823). A no-evidence summary judgment is improperly granted if the nonmovant presented more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

Under both standards, evidence favorable to the nonmovant will be taken as true. *In re Estate of Berry*, 280 S.W.3d at 480. The court indulges every reasonable inference in favor of the nonmovant and resolves all doubts in favor of the nonmovant. *City of Keller*, 168 S.W.3d at 824. We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Tex. Workforce Comm'n v. Wichita Cty.*, 548 S.W.3d 489, 492 (Tex. 2018). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if

any of the theories advanced are meritorious. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 79 (Tex. 1989).

No-evidence and traditional grounds for summary judgment may be combined in a single motion. *Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004); *Coleman v. Prospere*, 510 S.W.3d 516, 518 (Tex. App.—Dallas 2014, no pet.). The substance of the motion and not its form or the attachment of evidence determines whether the motion is a no-evidence, traditional, or combined. *Binur*, 135 S.W.3d at 650–51; *Coleman*, 510 S.W.3d at 518. When a party files both a no-evidence and a traditional motion for summary judgment, we first consider the no-evidence motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Coleman*, 510 S.W.3d at 518.

### ANALYSIS: ISSUES TWO THROUGH SEVEN - DAMAGES

Appellees' motion for summary judgment first set out the standards of review for both traditional and no-evidence motions for summary judgment. Regarding ESS's breach of contract claim, appellees argued ESS "failed to make any showing that Harvey or James engaged in conduct that would violate the non-competition provision of their employment agreements," and "ESS has not proved damages resulting from any of the contacts made with any practitioner." Regarding ESS's misappropriation of trade secrets claim, the motion asserted ESS "failed to offer any evidence to support its claims under the Texas Uniform Trade Secrets Act, or to substantiate any of its claims regarding misappropriation of confidential

–11–

information." As to the tortious interference with current contracts claim, the motion noted that "Texas law protects existing as well as prospective contracts from interference" but argued that ESS "entirely failed to provide any evidence demonstrating a willful or intentional act of interference by Concord with the subject contracts," and "ESS has yet to show any injury or actual loss." Regarding the tortious interference with prospective contracts claim, the motion asserted ESS "has wholly failed to provide *any* evidence on more than one element of its tortious interference with prospective business contracts claim against Defendants Harvey, James, and Concord," and ESS "failed to show proximate cause or any actual damages or loss." As to the breach of fiduciary duty claim, the motion asserted there was "no evidence Defendant James misappropriated trade secrets or disclosed confidential information to Concord while employed with" ESS to support such a claim. The motion specifically asserted that ESS had not "put forth evidence that it suffered any damages to the company's goodwill, business reputation, and customer, physician, and employment relationships" and had not shown misappropriation or damages from "its classification of publicly accessible information as trade secrets."

We conclude appellees' motion for summary judgment made it sufficiently clear that, among other things, appellees were arguing that there was no evidence ESS incurred any damages arising from any of its claims. *See Binur*, 135 S.W.3d at 650–51; *Coleman*, 510 S.W.3d at 518. Damages are an element of all claims asserted by ESS. *See Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125,

131 (Tex. App.—Dallas 2014, no pet.) (breach of contract); *Trilogy Software, Inc. v. Callidus Software, Inc.*, 143 S.W.3d 452, 463 (Tex. App.—Austin 2004, pet. denied) (misappropriation of trade secrets); *Prudential Ins. Co. of Am. v. Fin. Rev. Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000) (tortious interference with contract); *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 838 (Tex. App.—Dallas 2014, no pet.) (breach of fiduciary duty).

ESS alleged appellees' misconduct "caused damage to ESS's confidential information, goodwill, business reputation, and customer, physician, and employment relationships." ESS alleged it "has and will continue to suffer damages" as a result of appellees' breach of the employment agreements, "seeks all actual damages to which it is entitled" for appellees' misappropriation of trade secrets, "incurred actual damages or losses in [an] amount to be determined at trial" for tortious interference with prospective and existing contracts, and appellees' breach of fiduciary duty "caused monetary injury to ESS in an amount to be determined at trial." However, ESS never identified any specific amount of damages attributable to any specific action on the part of appellees or to any specific theory of recovery.

A no-evidence summary judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306,

310 (Tex. 2009). If the nonmovant fails to satisfy its burden, the trial court "must grant the motion[.]" TEX. R. CIV. P. 166a(i). In its response to appellees' motion for summary judgment, ESS repeatedly referred to Rupe's affidavit referencing a $25,000 to $50,000 fee as a "placement fee" or "restrictive covenant buy-out fee" that is "routinely included in contracts with physicians and hospital clients." It is well established that damages must always be proved with reasonable certainty. *Perthuis v. Baylor Miraca Genetics Laboratories, LLC*, 645 S.W.3d 228, 243 (Tex. 2022). Rupe's affidavit offers only conclusory statements with no underlying facts to support the conclusions. *See James L. Gang & Assoc. v. Abbot Labs., Inc.*, 198 S.W.3d 434, 439 (Tex. App.—Dallas 2006, no pet.); *see also Trebuchet Siege Corp. v Pavecon*, 2014 WL 4071804 at *5 (Tex. App.—Dallas, 2014, no pet.). ESS's evidence of damages, Rupe's affidavit, offers little more than a fee range basis with neither objective evidence of injury associated with any cause of action, nor an amount established with reasonable certainty[2] Based on this record, we conclude neither Rupe's affidavit, nor the evidence presented raised a genuine issue of material fact supporting the element of damages for any of ESS's claims; therefore, the trial court did not err in granting appellees' motion for summary judgment as to

---

[2] Rupe avers "This range of fees also represents a reasonable and fair damage for the disclosure of confidential information that leads to the placement of a physician by a competitor without the cost of recruitment." The record is devoid of any evidence of specific damages associated with an act of appellees.

all of ESS's claims. *See* TEX. R. CIV. P. 166a(i); *Gish*, 286 S.W.3d at 310. We overrule ESS's second, third, fourth, fifth, sixth, and seventh issues.

## ANALYSIS: ISSUE EIGHT

In its eighth issue, ESS argues the trial court erred in dismissing its tortious interference with existing and prospective business contracts claim when there was no pending motion for summary judgment as to this claim and no party moved for its dismissal. On the contrary, as we have discussed, appellees' motion for summary judgment addressed the tortious interference with both existing and prospective contracts claims and asserted there was no evidence of damages related to those claims. Accordingly, we overrule ESS's eighth issue.[3]

## ANALYSIS:  CROSS ISSUES

In three issues as cross-appellants, Harvey and James assert the trial court erred in granting ESS's motion for summary judgment on their declaratory judgment claims, the underlying employment agreement was "an otherwise enforceable agreement," and the non-competition provision of the agreement contained unreasonable limitations and restrictions.

We initially question whether our disposition of ESS's issues renders Harvey and James' cross-appeal moot. However, to the extent Harvey and James argue that summary judgment was improper on their declaratory judgment claims, we note that

---

[3] We also overrule issue eight to the extent necessary on the same basis as issues two through seven as to no evidence of damages.

"[t]here is no basis for declaratory relief when a party is seeking in the same action a different, enforceable remedy, and a judicial declaration would add nothing to what would be implicit or express in a final judgment for the enforceable remedy." *Kyle v. Strasburger*, 522 S.W.3d 461, 467 n.10 (Tex. 2017) (quoting *Universal Printing Co. v. Premier Victorian Homes, Inc.*, 73 S.W.3d 283, 296 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). Under these circumstances, we conclude summary judgment was proper on Harvey and James' declaratory judgment claims. See TEX. R. CIV. P. 166a(c); Kyle, 522 S.W.3d at 467 n.10. Because of our disposition of this issue and ESS's issues, we need not further address Harvey and James' issues on cross-appeal. TEX. R. APP. P. 47.1

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210148F.P05

–16–



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

EMERGENCY STAFFING
SOLUTIONS, INC., Appellant


No. 05-21-00148-CV      V.


KEVYN HARVEY, HEATHER
JAMES, AND CONCORD
MEDICAL MANAGEMENT, LLC,
Appellee

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-01515-
2017.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Reichek participating.


      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

      It is **ORDERED** that appellee KEVYN HARVEY, HEATHER JAMES, AND CONCORD MEDICAL MANAGEMENT, LLC recover their costs of this appeal from appellant EMERGENCY STAFFING SOLUTIONS, INC..


Judgment entered this 4th day of January 2023.